476 P.2d 857

**STATE of Arizona, Appellee,**

v.

**William Barthel MOHR, Jr., Appellant.**

**No. 2040.**

Supreme Court of Arizona,
In Banc.

Nov. 25, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Appellant, William Barthel Mohr, Jr., was convicted of felony murder by a jury in the Superior Court of Maricopa County and was sentenced to life imprisonment. From his conviction and sentence he has appealed.

The evidence indicates that Peter and Audine Trueba were the owners of a combination restaurant and bar, called Casey's Lunch, in Phoenix, Arizona. On April 22, 1968, at approximately 8:00 p. m., appellant, who had known the Truebas for a few weeks, came into the bar from the rear entrance and struck up a conversation with Peter Trueba concerning a tool box which had been stolen from Trueba. Appellant said he knew who had stolen this property and that Trueba could recover it for only $2.00. Trueba said he would pay that amount and, after appellant left the bar twice through the rear exit and returned, Trueba followed appellant out the back door.

Minutes later, Audine Trueba heard two shots. She ran out the back door and saw Peter Trueba on the ground bleeding profusely from his neck. Appellant was standing over Trueba and told Mrs. Trueba to get away. She ran into the bar and attempted to telephone the police. However, appellant followed her inside and chased her from the premises with a butcher knife. As she fled, Mrs. Trueba noticed that appellant was taking the currency from the cash register. Appellant was arrested a few hours later and had in his possession Trueba's credit card and pistol along with numerous loose bills.

Mrs. Trueba indicated that the butcher knife which appellant brandished in the bar after she saw her husband on the ground did not belong to Casey's Lunch nor had she seen it before. There were no eye-witnesses to the killing. Although the victim's pistol had been fired twice, apparently neither appellant nor anyone else was hit. A pathologist testified that Trueba had been stabbed six times in the neck with what was probably a knife and that he bled to death. Appellant suffered a cut finger.

Appellant has raised three assignments of error. Two of these relate to instructions given on murder in the first

degree. Appellant contends that the court committed reversible error in giving these instructions; however, the record indicates that there were no objections to the instructions in the court below. This court will not consider objections to instructions raised for the first time on appeal unless the claimed error is so fundamental that it is obvious that the defendant did not receive a fair trial. State v. Brown, 104 Ariz. 510, 456 P.2d 368 (1969); State v. Johnson, 99 Ariz. 52, 406 P.2d 403 (1965). We find no fundamental error in the instructions challenged here.

Appellant's other contention concerns a color photograph of the victim which was admitted in evidence over his objection. This photograph shows the victim lying on his back with several stab wounds in his neck clearly visible. There is a great deal of blood on his face, neck and clothes. Appellant makes the point that since he stipulated to the identity of the deceased and the cause of death, the photograph was irrelevant and served only to inflame the passions of the jury.

Photographs having probative value are admissible in evidence whether they are in black and white or color. State v. Brady, 105 Ariz. 190, 461 P.2d 488 (1969). They must, of course, be relevant to an issue in the case and may be admitted in evidence to identify the deceased, to show the location of the mortal wounds, to show how the crime was committed and to aid the jury in understanding the testimony of the witnesses. State v. Robinson, 89 Ariz. 224, 360 P.2d 474 (1961). If the photographs have any bearing upon any issue in the case they may be received although they may also have a tendency to prejudice the jury against the person who committed the offense. The discretion of the trial court will not be disturbed on appeal unless it has been clearly abused. See Miranda v. State, 42 Ariz. 358, 26 P.2d 241 (1933).

One of the issues before the jury was whether appellant killed in self defense. In resisting an assault the person claiming self defense must not use any more force than reasonably appears necessary in the circumstances to repel the aggressor. Walker v. State, 52 Ariz. 480, 83 P.2d 994 (1938). The photograph shows several gaping wounds in the victim's neck and a tremendous loss of blood. The wounds are in close proximity to each other which gives rise to the reasonable inference that they were administered while the victim was in a helpless condition. It was clearly not error to admit evidence which tended to refute appellant's claim of self defense.

Judgment of the trial court is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL, and McFARLAND, JJ., concur.