542 P.2d 804

**STATE of Arizona, Appellee,**

v.

**Richard BRIGGS, Jr., Appellant.**

**No. 3216.**

Supreme Court of Arizona,
En Banc.

Nov. 24, 1975.

Rehearing Denied Dec. 23, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Richard Briggs, Jr., was convicted of second degree murder after trial by jury. He appeals from that judgment and the sentence of not less than 30 nor more than 60 years in the Arizona State Prison. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

The appellant was accused of murdering Richard Edminton, hereinafter referred to as the victim, on March 16, 1974. Appellant testified that he had conversations at various times with the victim at the LARC center for alcoholics, where they were both patients. He further testified that he and the victim had been drinking wine together on the day of the murder. Appellant admitted stabbing the victim as an act of self-defense after the victim had sexually assaulted him.

This appeal raises the following questions:

1. DOES THE PROPER FILING OF A MOTION *IN LIMINE,* WHICH IS SUBSEQUENTLY DENIED, PRESERVE THE RECORD ON APPEAL WITHOUT NEED FOR OBJECTION DURING TRIAL?

2. WAS THE TRIAL COURT IN ERROR BY ADMITTING INTO EVIDENCE APPELLANT'S EXHIBIT NO. 14?

3. DID THE TRIAL COURT ERR IN REFUSING TO ALLOW APPELLANT'S PSYCHIATRIST TO TESTIFY?

4. WAS THE TRIAL COURT IN ERROR IN REFUSING TO ALLOW APPELLANT TO ASK HYPOTHETICAL QUESTION NO. 2?

5. DID THE TRIAL COURT ERR IN ITS FAILURE TO REQUIRE THE PROSECUTION TO DISCLOSE THE PRIOR ARREST RECORD OF THE VICTIM?

First, appellant made a motion *in limine,* prior to trial, in which he requested the court to exclude certain articles of clothing from evidence which were worn by the victim at the time of the murder. Appellant argued that their probative value was greatly outweighed by their prejudicial effect. The trial court denied appellant's motion, and the clothing was admitted into evidence without objection.

The state argues that appellant is foreclosed from raising this particular error on appeal, due to the failure to object at the time the clothing was offered into evidence. We do not agree. It is fundamental that an objection which is not made at trial will not be considered on appeal. *J. H. Mulrein Plumbing Supply Co. v. Walsh,* 26 Ariz. 152, 222 P. 1046 (1924).

A failure to object to incompetent or inadmissible evidence constitutes a waiver to question the same matter on appeal. *State v. Hernandez*, 83 Ariz. 279, 320 P.2d 467 (1958). However, the mere fact that an objection is not lodged simultaneously with the offer of the exhibit into evidence is not determinative of the question of waiver. The essential question is whether or not the objectionable matter is brought to the attention of the trial court in a manner sufficient to advise the court that the error was not waived. *State v. Kellington*, 93 Ariz. 396, 381 P.2d 215 (1963). A properly made motion *in limine* will preserve appellant's objection on appeal without need for further objection if it contains specific grounds for the objection. *See State v. Jefferson*, 108 Ariz. 600, 503 P.2d 942 (1972), *State v. Babineaux*, 22 Ariz.App. 322, 526 P.2d 1277 (1974). We find that the motion *in limine* was properly made and specific in its grounds for objection.

Second, appellant questions whether or not the introduction of the victim's clothing was so prejudicial that it constituted reversible error. Appellant particularly points to the victim's shirt on the question of prejudice. The record indicates that the shirt was blood-encrusted and pierced by numerous knife holes. The state argues that the exhibit is needed to prove the crime and to counter appellant's argument of self-defense.

▮ It is the trial court's duty to determine whether the prejudice to the appellant outweighed the probative value of the evidence. This analysis is an area within the exclusive domain of the trial court. "The discretion of the trial court will not be disturbed on appeal unless it has been clearly abused." *State v. Mohr*, 106 Ariz. 402, 476 P.2d 857 (1970). We find that Exhibit 14 was relevant and had a definite bearing on the issues of commission of a crime and self-defense. There was no abuse of discretion.

Third, appellant sought to have certain hearsay statements made by appellant to Dr. Otto Bendheim admitted into evidence.

Appellant argued that the statements were admissible hearsay since they formed the basis for Dr. Bendheim's expert opinion. The statement in question contained appellant's conclusion that he was so intoxicated that he was unable to form the malice element of the crime of murder.

▮ A doctor may in certain circumstances recount statements made to him by a patient, which are otherwise hearsay, in order to demonstrate the basis for his opinion. *Wise v. Monteros*, 93 Ariz. 124, 379 P.2d 116 (1963). However, such statements are admissible only if they relate to an area in which the doctor is properly qualified at trial as an expert.

▮ It appears from the record that Dr. Bendheim is a psychiatrist. The essence of Dr. Bendheim's opinion relates to the question of the specific intent element of murder. "The issue of criminal responsibility in Arizona has traditionally been a fact question for the jury." *State v. Ganster*, 102 Ariz. 490, 433 P.2d 620 (1967). Arizona does not permit psychiatric evidence of a mental disease or defect negativing a state of mind. *State v. Schantz*, 98 Ariz. 200, 403 P.2d 521 (1965). Since Dr. Bendheim could not qualify as an expert in the area of specific intent, it follows that hearsay testimony relating to the basis for the formulation of his opinion in that area was inadmissible. The trial court correctly excluded the testimony.

Fourth, appellant submitted four hypothetical questions to be asked of Dr. Bendheim for the trial court's review. Each question related to intoxication. The court rejected question two which read as follows:

"Doctor, in your opinion, to a reasonable degree of medical certainty, how would a reasonable man in this condition who has been sexually assaulted by a male armed with a knife react?"

▮ The trial court is charged with the determination of whether or not a hypothetical question is based on a proper predicate. *Larriva v. Widmer*, 101 Ariz. 1,

415 P.2d 424 (1966). The hypothetical question under consideration relates to voluntary intoxication. Voluntary intoxication may be used to negate specific intent only. ARS § 13–132. The area of specific intent is not one in which Dr. Bendheim could qualify as an expert. It follows that a hypothetical question predicated on the issue of specific intent was improper and correctly rejected by the court.

Fifth, appellant's final argument cites the trial court's failure to require the prosecution to disclose the prior arrest record of the victim as error. Appellant first contends that the state was required to provide the requested information by Rule 15.1(a)(7), Rules of Criminal Procedure.

Rule 15.1(a)(7), Rules of Criminal Procedure, requires the prosecutor to produce information on "all prior felony convictions of witnesses *whom the prosecutor expects to call at trial.*" [Emphasis supplied]. In view of the fact that the deceased victim could not be called to testify at trial, it appears that Rule 15.1(a)(7), *supra,* was inapplicable.

Appellant next cites *Brady v. State of Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as authority for the proposition that the state is required to procure the victim's arrest record from the FBI. The prosecution must provide evidence which is material to either guilt or innocence, or punishment where the evidence is in possession or control of the prosecutor or members of his staff, or "of any other persons who have participated in the investigation or evaluation of the case and who are under the prosecutor's control." Rule 15.1(d), Rules of Criminal Procedure. The prosecutor cannot be deemed to have concealed information relating to the guilt or innocence of the accused, or punishment if he does not procure materials in the custody of the FBI, an agency which is not under the control of the prosecutor. *See State v. Kevil,* 111 Ariz. 240, 527 P.2d 285 (1974). We hold that the trial court properly ruled that the prosecution was not required to procure the FBI "rap sheet" on the victim.

The judgment of conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.