553 P.2d 665

**STATE of Arizona, Appellee,**

v.

**Bill Edward STURGIS, Appellant.**

No. 3315.

Supreme Court of Arizona,
En Banc.

Aug. 6, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Thurman Gay, Phoenix, for appellant.

HAYS, Justice.

On June 2, 1975 Bill Edward Sturgis was convicted of the crime of murder, first degree, and was sentenced to a term of life imprisonment on June 17, 1975, with the recommendation of the sentencing court that he not be considered for parole or commutation of sentence. We take jurisdiction of his appeal pursuant to the Arizona Constitution, art. 6, § 5, art. 2, § 24, A.R.S. § 13–1711 and § 12–120.21(A)(1).

Appellant Sturgis was charged by information filed February 5, 1970. Several competency hearings held between May, 1970 and June, 1974 resulted in findings of his incompetency to stand trial. On June 11, 1974, however, appellant was formally declared competent. The first trial, which began on January 13, 1975, ended in a mistrial on January 20, 1975. The second trial, commencing on May 20, 1975, resulted in the conviction presently before this court. That appellant committed the murder was conceded in defense counsel's closing argument to the jury; the defense was based solely on insanity.

Two issues are presented on appeal:

1. Did the trial court err in allowing Dr. Maier Tuchler to testify for the State?

2. Did the trial court err in refusing to give to the jury two instructions requested by the defense, explaining the effect of a finding of not guilty by reason of insanity?

On October 2, 1973, Dr. Maier Tuchler examined the appellant at the Maximum Security Ward of the Arizona State Hospital at the request of appellant's then attorney of record, Henry Florence, to whom a report was made. Seventeen months later, without objection by appellant's then attorney of record, Thurman Gay, the court, at the request of the State, appointed Dr. Tuchler to examine appellant Sturgis again. Dr. Tuchler made two reports to the court thereafter, one dated March 11, 1975, and the other dated April 4, 1975.

At a competency hearing on May 12, 1975, defense counsel and the State stipulated that the matter of defendant's competency be submitted to the court based upon both of those reports, in addition to reports by one other doctor.

Two motions *in limine* were made by appellant's counsel, both filed May 20, 1975, to prohibit the State from calling certain doctors as expert witnesses. Neither of these motions asked to exclude the testimony or reports of Dr. Tuchler.

The record reveals that the first defense objection to Dr. Tuchler being called as a witness by the State was in an *in camera* hearing on May 29, 1975, during the course of the trial. The record does not reveal which counsel requested the hearing. The objection was, at that time, based on the physician-patient privilege.

It was during this hearing that the trial court determined that the first examination of the defendant by Dr. Tuchler was privileged, but did not specify whether he was basing his decision on the attorney-client privilege or the physician-patient privilege. The court said that Dr. Tuchler could not testify with regard to the first examination. The judge also specifically found, however, that based upon his testimony at the *in camera* hearing, Dr. Tuchler was able to disregard information gathered at the first examination and could, in fact, testify as to information garnered at the second examination, and as to letters resulting therefrom.

Appellant argues for the first time on appeal that information from Dr. Tuchler's examination of October, 1973 is protected from divulgence by the attorney-client privilege, and that Dr. Tuchler could not testify as to the second examination without referring to or using information from the first. Therefore, Dr. Tuchler should have been prevented from testifying completely.

We wish to point out at this juncture that defense counsel lulled both the court and the State into believing they could rely on Dr. Tuchler's testimony at the trial by the failure to object to his appointment, the stipulation at the competency hearing on May 12, 1975, and the failure to include Tuchler in the motions *in limine* of May 20, 1975. We do not, however, rely on waiver, nor do we rule on the attorney-client privilege argument.

■ Instead, we rely on the trial court's decision that Dr. Tuchler could indeed disregard information from the first examination and still testify with regard to the second. It is well-settled Arizona law that a trial court is allowed reasonable discretion in determining the relevance and admissibility of offered evidence. *State v. Chambers,* 104 Ariz. 247, 451 P.2d 27 (1969), *State v. Turner,* 92 Ariz. 214, 375 P.2d 567 (1962), *State v. Renteria,* 21 Ariz.App. 403, 520 P.2d 316 (1974). The discretion of the trial court will not be disturbed on appeal unless it has been clearly abused. *State v. Mohr,* 106 Ariz. 402, 476 P.2d 857 (1970). The trial judge heard and saw Dr. Tuchler testify that although it would be "difficult to disregard" information received in the first examination, "I could exclude it . . . .. Yes, I could."

■ We find no abuse of the trial court's discretion and, therefore, the trial court did not err in allowing Dr. Tuchler to testify.

The second issue raised on appeal asks this court, in effect, to review and reverse its decision in the recent opinion, *State v. Jensen,* 111 Ariz. 408, 531 P.2d 531 (1975). This we decline to do.

Judgment affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.