593 P.2d 653

**The STATE of Arizona, Appellee,**

v.

**James William COLEMAN, Appellant.**

**No. 4480–PR.**

Supreme Court of Arizona,
In Banc.

March 23, 1979.
Rehearing Denied April 24, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen., Phoenix by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis and Allen G. Minker, Asst. Public Defenders, Tucson, for appellant.

CAMERON, Chief Justice.

Defendant, James William Coleman, appealed from verdicts and judgments of guilt to the crimes of aggravated battery, A.R.S. § 13–245, and first degree burglary, A.R.S.

§ 13–302. Defendant was sentenced to not less than four nor more than five years in prison for the aggravated battery conviction and not less than five nor more than fifteen years for the first degree burglary conviction, both sentences to run concurrently. The Court of Appeals, Division Two, affirmed the convictions and judgments, Ariz.App., 593 P.2d 684, 1978. We granted defendant's petition for review pursuant to Rule 47(b), Rules of the Supreme Court, 17A A.R.S., to consider only one question among those disposed of by the Court of Appeals, Division Two: Did the trial court err in refusing to grant defendant's motion for mistrial?

The facts necessary for a determination of this matter on appeal are as follows. In the early evening of 21 September 1976, Mrs. Edna E. Colwell (at the time 68 years old), while in her home in Tucson, Arizona, was grabbed from behind and beaten about the head. She screamed and struggled with the intruder, eventually falling down in the living room. The assailant, apparently frightened by the screaming, ran out the back door. Mrs. Colwell went out her front door in an effort to obtain assistance from passing motorists. While she was in front of her house, the intruder, who had circled the house, again hit Mrs. Colwell twice about the head with what was described as some sort of club. The assailant left and Mrs. Colwell went to the nearby home of her daughter-in-law. Although she did not suffer major wounds, Mrs. Colwell's false teeth were broken and she was badly bruised.

When police officers arrived, the victim described her assailant as a young black male in his early twenties, five feet, nine inches in height, one hundred and sixty pounds, of medium build and complexion, wearing a light shirt, dark pants, and a blue knit hat with a green stripe.

Outside the kitchen window officers found several footprints. A special dog-handling unit of the Tucson Police Department was called in an effort to "track" the individual who made the footprints.

Contemporaneous with the dog tracking, other police officers, while searching the area near the victim's house, came upon the defendant, who was barefoot, sitting on an electrical box of a nearby apartment complex. Defendant fit the description given by the victim. As the officers moved in to investigate and talk with defendant, they were met by an officer with the tracking dog which had independently arrived at a point where the defendant was seated. In response to the officer's questions, defendant told them he was James Coleman and indicated his shoes were nearby.

One of the officers then went to where the shoes were, physically examined them and indicated to the other officers that he thought the shoes matched the footprints they had been following. Defendant was placed under arrest for the crimes of aggravated battery and burglary.

Following a jury trial and verdicts and judgments of guilt, defendant appealed to the Court of Appeals, Division Two. The Court of Appeals affirmed. We granted defendant's petition for review because of what we believe to be a misstatement of the law as to the requirement that the defendant must renew his objection to evidence even after he made a motion in limine concerning the same evidence.

Prior to trial, the defendant made a motion in limine regarding non-expert testimony concerning the match of defendant's shoes and the footprints found outside the house of the victim. The attorney for the prosecution stated:

"MR. STINSON: I'm not going to ask them a question, your Honor: in your opinion are these the same shoes that made these particular prints.

I'm going to ask them what they observed, what their observations were, what the similarities were, if they noted anything that appeared to them to be unusual regarding the particular print.

"THE COURT: If you go a step further and tell * * * the police witnesses before they testify: gentlemen, don't express an opinion unless Mr. Nelson

asks a direct question that requires you to answer it, answer it that way that in fact the prints were made by the defendant's shoes.

"MR. STINSON: I can instruct on that."

The trial court granted the motion in limine.

At the trial the State asked the following questions:

"Q  Did you have occasion to observe where Officer Malm went?

"A  Yes, I did.

"Q  Where did Officer Malm go?

"A  He walked over to the pair of shoes that I have just described.

"Q  And did you have occasion to observe what Officer Malm did at that point in time?

"A  Yes.  He picked the shoes up and looked at the soles of them and then returned them to the approximate same location as they were when he first observed them.

\*  \*  \*  \*  \*  \*

"Q  And then what did Officer Malm do?

"A  He through some gesture, and I don't recall which gesture was indicated to me that the soles matched—"

Defense counsel objected and asked that the testimony be stricken and the jury instructed to disregard it.  The trial court overruled the objection and denied the motions.  Defendant contended on appeal that this was error.  The Court of Appeals, however, stated:

"The first instance involved Officer Whitten's testimony that after Officer Malm examined the shoes, he made a gesture indicating that the shoes matched the prints.  Appellant made a general objection and asked that the testimony be stricken and that the jury be instructed to disregard it.  The trial court overruled the objection and denied the motions.  Because appellant failed to make a proper objection, the trial court did not err in its ruling.  [citation omitted]"

We have stated:

"[T]he mere fact that an objection is not lodged simultaneously with the offer of the exhibit into evidence is not determinative of the question of waiver.  The essential question is whether or not the objectionable matter is brought to the attention of the trial court in a manner sufficient to advise the court that the error was not waived.  [citation omitted].  A properly made motion *in limine* will preserve appellant's objection on appeal without need for further objection if it contains specific grounds for the objection.  [citations omitted]."  *State v. Briggs*, 112 Ariz. 379, 382, 542 P.2d 804, 807 (1975).

■  We believe that it was error to allow the officer to testify that the other officer had concluded that the shoes and the footprints matched and that the defendant made a timely specific objection to this evidence at the time of the motion in limine.  It was then unnecessary to object, specifically or otherwise, at the time of admission, *State v. Briggs*, supra, and the Court of Appeals erred in holding otherwise.  So much of the opinion of the Court of Appeals which required a specific objection at the time of the testimony is disapproved.

■  This does not mean that the matter must be reversed.  There was expert testimony concerning the shoes.  Don Stangel, Special Agent from the F.B.I. Laboratory in Washington, D. C., who was an expert shoe print and tire tread examiner, testified at length concerning the shoe and the shoe prints.  The witness was unable to make a positive identification, but stated that there were "some similarities" between defendant's shoes and the footprint.  The jury was also instructed that:

"You are instructed that you may not consider the opinions or conclusions of the witnesses in this case that the footprints allegedly leading from the scene of the incident 'matched' or 'belonged to' the shoes later seized from the accused unless you find that the witness was qualified to offer his opinion as an expert."

Considering the overwhelming evidence of guilt as well as the expert testimony concerning the shoe and the instruction, we believe that the admission of the testimony, while technical error, was not prejudicial. Ariz.Const. art. 6 § 27. For harmless error as distinguished from prejudicial error see *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *State v. Jackson*, 109 Ariz. 559, 514 P.2d 480 (1973).

So much of the opinion of the Court of Appeals, supra, contrary to this opinion is disapproved. The remainder of the opinion of the Court of Appeals is approved and the judgment is affirmed.

STRUCKMEYER, V. C. J., HAYS, HOLOHAN and GORDON, JJ., concurring.