666 P.2d 71

**STATE of Arizona, Appellee,**

v.

**Manuel Thomas LUJAN and Lino Flores, Appellants.**

**No. 5649.**

Supreme Court of Arizona, In Banc.

June 8, 1983.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

David F. Alexander, Apache Junction, for appellants.

GORDON, Vice Chief Justice:

In June of 1982 appellants were found guilty of one count of dangerous or deadly assault by a prisoner and one count of possession of a deadly weapon by a prisoner. Both appellants received life sentences for the assault and five year sentences for possession of a deadly weapon. We have jurisdiction under Ariz. Const. art. 6, § 5(3), and A.R.S. § 13–4031 and 13–4033. We affirm.

On October 15, 1981 appellants, inmates at Arizona State Prison, attacked and seriously injured another inmate. The three were in an exercise pen at the intensive custody cell block. As the victim jogged around the perimeter of the pen Flores grabbed him from behind and Lujan stabbed him numerous times with a prison-made knife.

Appellants were given a joint trial and were represented by the same attorney. About a month after an omnibus hearing but two months prior to the trial, defense counsel filed a motion in limine seeking to preclude as irrelevant and prejudicial any mention of prison gangs by the prosecutor or prosecution witnesses. There is no response to the motion in the record. Furthermore, there is no indication that the trial judge ever ruled on the motion, or that defense counsel ever brought it to his attention.

Appellant Flores testified at the trial. He admitted grabbing the victim and holding him while Lujan stabbed him. He claimed, however, that he acted in defense of Lujan and himself. He testified that "[t]here is a code among the prisoners that you don't—there is no way I could let him go without probably Lujan attacking me * * *." On cross examination the prosecutor questioned Flores about this "code." Flores indicated the code was a prison code held by all prisoners and that it was a code held by the Mexican Mafia. Defense counsel did not object to the mention of the Mexican Mafia. The Mexican Mafia was never identified as a prison gang nor was Flores or Lujan specifically linked to it.

Appellants were convicted and on July 2, 1982, they were sentenced. On September 10, 1982, the trial court reconvened to clear up what the judge thought might be an ambiguity in the record concerning the consecutive nature of Lujan's sentence.

Appellants now claim that the prosecutor's mention of the Mexican Mafia was reversible error because it labeled them "bad people." We find, however, that appellants have waived any such error.

As a rule, an alleged error that is not objected to at trial will not be considered on appeal. *State v. Tison,* 129 Ariz. 526, 633 P.2d 335 (1981); *State v. Tostado,* 111 Ariz. 98, 523 P.2d 795 (1974). In cases involving motions in limine properly· made and ruled upon by the trial court, however, we have consistently held that the objection raised in the motion is preserved for purposes of appeal without the need for a specific objection at trial. *State v. Ellerson,* 125 Ariz. 249, 609 P.2d 64 (1980); *State v. Coleman,* 122 Ariz. 99, 593 P.2d 653

(1979); *State v. Briggs,* 112 Ariz. 379, 542 P.2d 804 (1975).

In the instant case we have no way of knowing whether the trial court ever even ruled on appellants' motion in limine. Appellants having failed to make a record, we have no choice but to treat the motion as though it was never ruled upon. Consequently, we are faced with the question of whether appellants' properly made motion in limine was sufficient to preserve their objection even though it was never ruled upon below. We conclude that it was not. While the trial judge has the responsibility of ruling on pending motions, if an accused wants to rely on the objections raised in those motions he or she has the responsibility of bringing them to the court's attention and seeing that a record of the rulings makes its way to the reviewing court. Unless there is some record, an appellate court cannot be sure that the matter was "brought to the attention of the trial court in a manner sufficient to advise the court that the error was not waived." *State v. Briggs,* 112 Ariz. at 382, 542 P.2d at 807.[1] Consequently, we hold that by failing to make a record as to the disposition of their motion in limine and failing to object at trial appellants waived any error in connection with the prosecutor's mention of the Mexican Mafia.

In any event, it appears that the prosecutor's mention of the Mexican Mafia was not improper. Flores offered as an excuse for his conduct that he was following a code among prisoners. The prosecutor then had a right to cross examine him as to the source and applicability of this code.

Appellant Lujan argues that when the trial court reconvened on September 10,

---

1. It seems we implicitly reached the same conclusion in *State v. Reid,* 114 Ariz. 16, 559 P.2d 136 (1976), *cert. denied,* 431 U.S. 921, 97 S.Ct. 2191, 53 L.Ed.2d 234 (1977). In *Reid,* the defendant filed a motion to suppress the identification testimony of two witnesses. At the hearing on the motion defense counsel argued that the circumstances of the pre-trial identification by one witness was unduly suggestive and that a *Dessureault* hearing should be held.

It appears that no argument was made about the other witness named in the motion. The motion was denied and both witnesses testified at trial. The defendant made no objection. On appeal we held that the motion in limine preserved the objection as to one witness but that "[t]he defendant did not pursue the motion to suppress as to the [other witness] and we will not consider the motion to suppress his identification further." *Id.* at 26, 559 P.2d at 146.

1982, to clear up any ambiguity in the record concerning his sentence, his sentence was modified. This, he claims, violated Ariz.R.Crim.P. 24.3 because it occurred more than 60 days after the entry of judgment and after his notice of appeal was filed. Appellant Lujan's claim is without merit.

It is clear from the record that this proceeding on September 10, 1982, did not involve a modification of Lujan's sentence. At the sentencing on July 2, 1982, Lujan received a life sentence for dangerous assault by a prisoner to run consecutively to the term he was then serving. He also received a sentence of five years for the crime of prisoner in possession of a deadly weapon, to run consecutively to the term he was then serving but concurrently with the life sentence for dangerous assault. The trial judge held the proceeding on September 10 to clarify the record and make sure it accurately reflected the sentence originally imposed. At this proceeding Lujan was given the identical sentence.

Ariz.R.Crim.P. 24.4 authorizes correction of errors in judgments or other parts of the record at any time. The trial court's action in the instant case fell within this rule.

We have examined the record for fundamental error as required by A.R.S. § 13–4035 and find none. The judgments of conviction and sentences as to both appellants are affirmed.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.