NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DONELL LEE JONES, JR., *Petitioner*.

No. 1 CA-CR 16-0284 PRPC
FILED 6-29-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2008-030410-001
CR2011-111925-001
The Honorable William L. Brotherton, Jr., Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Donell Lee Jones, Jr., Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

---

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Patricia K. Norris and Judge Jennifer B. Campbell joined.

---

**J O H N S E N**, Judge:

**¶1**         Donell Lee Jones, Jr., petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**         A jury found Jones guilty of aggravated robbery in 2011. At sentencing, Jones admitted he was convicted of a felony in 2008 and that he was on probation in that case when he committed the offense in the 2011 case. The court imposed a term of 6.5 years' incarceration in the 2011 matter, revoked Jones's probation in the 2008 matter and imposed a consecutive 5-year term in that case, with 820 days' credit for time served. On the record, the Court noted that service of the sentence on the 2008 matter would begin on the date of the sentencing hearing. In the written judgments in the two respective cases, however, the court stated that the 6.5-year sentence in the 2011 case would begin on the date of the sentencing hearing, and that the 5-year sentence in the 2008 case would begin upon release on the 2011 case. On the record and in its written judgments, the court waived community supervision on the 2011 matter but not on the 2008 matter. Jones appealed his conviction in the 2011 case; this court affirmed his conviction and sentence. *State v. Jones*, 1 CA-CR 12-0048 (Ariz. App. Mar. 14, 2013) (mem. decision).

**¶3**         After counsel was unable to identify a colorable claim, Jones filed a timely *pro per* petition for post-conviction relief, raising issues regarding the trial, his sentence and purported ineffective assistance of counsel. After briefing, the superior court dismissed Jones's petition. Jones then filed a petition for review with the superior court, which that court dismissed. He did not seek timely review from this court.

**¶4**         A few months later, Jones filed a "Motion for Correction of Error," citing Arizona Rule of Criminal Procedure 24.4. He argued the superior court erred at sentencing when it did not state its reasons for imposing consecutive sentences; that there was a variance between the transcript and the judgment about which sentence would be served first;

and that he was not advised he had a right to a jury trial on the probation allegation. The superior court ruled Jones's claims were not timely under Rule 24.4 or under Rule 32. The court, however, directed the State to respond to the contention that a discrepancy existed between the transcript and the sentencing order concerning the order in which the two consecutive sentences are to be served. In response, the State argued there was no error in the calculation or pronouncement of the consecutive sentences. The State noted, "Assuming *arguendo*, as Defendant states, that the Department of Corrections does not know which sentence runs first, there is still no confusion as to the amount of time Defendant must serve." *See* Arizona Revised Statutes section 13-708(C) (2015) (requiring imposition of consecutive sentences when defendant has committed a felony while on probation for a prior felony). The court then denied Jones's motion.

¶5 In his petition for review of the denial of his motion, Jones argues the sentencing orders constituted newly discovered evidence of an illegal sentence under Rule 32.1(e); the sentencing court erred by waiving community supervision in the 2011 matter; the superior court considering his motion for correction erred by not applying a Rule 32 analysis to the motion; and the superior court erred by not considering the claims he made in the petition he filed in 2015.

¶6 New matters not addressed to the superior court may not be raised in a petition for review. *State v. Ramirez*, 126 Ariz. 464 (App. 1980). For that reason, we will not address Jones's claims that the court erred by waiving community supervision or denied him presentence credits. To the extent that Jones is attempting to seek review of issues raised in his prior petition, or to raise additional issues, those issues are precluded. The superior court dismissed that petition, and Jones did not seek timely review. *See* Rule 32.9(c).

¶7 As for Jones's claim that the written judgments and the court's statements on the record are inconsistent with each other concerning which of his two consecutive sentences is to be served first, he does not dispute the lengths of the sentences imposed, nor does he contend the court lacked the power to impose consecutive sentences. Nor does he identify any prejudice he may suffer from the discrepancy.[1]

---

[1] Pursuant to Rule 24.4, Comment, the superior court retains jurisdiction to correct clerical mistakes in its judgments or orders in all cases. *See also State v. Lujan*, 136 Ariz. 326, 329 (1983).

¶8     For the reasons stated, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA