NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

DARA RABIN, *Petitioner/Appellee,*

*v.*

JOSEPH MARTIN MCGHEE, *Respondent/Appellant.*

No. 1 CA-CV 22-0063 FC
FILED 9-20-2022

Appeal from the Superior Court in Coconino County
No. S0300PO202100032
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

COUNSEL

DNA People's Legal Services Inc., Flagstaff
By A.J. Rogers
*Counsel for Petitioner/Appellee*

Joseph Martin McGhee, Flagstaff
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

_____

**B A I L E Y**, Judge:

**¶1** Joseph Martin McGhee appeals the superior court's grant of an order of protection to Dara Rabin that includes their minor child as a protected person. He argues that Arizona Rule of Protective Procedure ("ARPP") 5(b) is facially unconstitutional and that ARPP 5(b)(1) is unconstitutionally vague. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Rabin petitioned for an order of protection against McGhee in June 2021. She did not name their child in common as a protected person. However, she alleged that McGhee had violated a parenting time order and unlawfully kept their child from her. The superior court held an ex parte hearing before issuing a protective order naming Rabin and their child as protected persons.

**¶3** McGhee requested a hearing pursuant to Arizona Revised Statutes ("A.R.S.") section 13-3602(L). After the hearing, the court affirmed the protective order.

**¶4** McGhee timely appealed this order. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(5)(b). *See also Moreno v. Beltran*, 250 Ariz. 379, 382, ¶ 11 (App. 2020).

## DISCUSSION

**¶5** McGhee acknowledges he did not raise his constitutionality arguments before the superior court but nevertheless urges us to resolve his claims. We decline to do so.

**¶6** "[W]e generally do not consider issues, even constitutional issues, raised for the first time on appeal." *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000) (citation omitted). Although not a jurisdictional rule, this is a procedural rule based on prudential concerns, including the need to address constitutional issues only when necessary and, even then, on a fully developed record. *See Larsen v. Nissan Motor Corp. in U.S.A.*, 194 Ariz. 142, 147, ¶ 12 (App. 1998). In considering whether a

constitutional argument may be raised and addressed for the first time on appeal, we consider if the issue is of statewide importance, is raised in the context of a fully developed record, requires no resolution of disputed facts, and has been fully briefed by the parties. *Id.* We also may consider whether the public interest is better served by having the issue considered rather than deferred. *Torres v. JAI Dining Servs. (Phoenix), Inc.*, 253 Ariz. 66, 71, ¶ 13 (App. 2022).

**¶7** Because McGhee did not provide a transcript from the contested evidentiary hearing, the record is not fully developed. When the appellant fails to file such a transcript, we ordinarily presume that the record supports the superior court's judgment. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) (citing Arizona Rule of Civil Appellate Procedure ("ARCAP") 11). McGhee argues that, because his facial challenge is a purely legal issue, we need not consider his failure to provide the transcript. *See State v. Carrasco*, 201 Ariz. 220, 221, ¶ 2 n.1 (App. 2001).

**¶8** But as we noted in *Englert*, the presence of a pure legal issue— including a constitutional challenge—does not preclude us from finding waiver. 199 Ariz. at 26, ¶ 13. Reviewing the other factors, in our discretion, we find that McGhee has waived the constitutional issues he attempts to press, for the first time, on appeal. *See State v. Lujan*, 136 Ariz. 326, 328 (1983) (holding it is appellant's duty to develop the record on appeal).

**¶9** McGhee also fails to cite to the record before the superior court in developing his argument, and he fails to address the court's basis for affirming the protective order. Appellate briefs must not only contain legal arguments, but also citations to the record. ARCAP 13(a)(7). Failure to include such references, or to address the substance of the superior court's holding, constitutes waiver on appeal. *Rice v. Brakel*, 233 Ariz. 140, 147, ¶ 28 (App. 2013).

**¶10** McGhee has waived the constitutional arguments he presents on appeal by failing to raise them in the superior court and by failing to adequately develop his arguments on appeal.

## CONCLUSION

**¶11** We affirm.

