NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT STANLEY ORTLOFF, *Petitioner*.

No. 1 CA-CR 13-0662 PRPC
FILED 6-25-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 2003-032707-001
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Robert Stanley Ortloff, Fort Worth, TX
*Petitioner*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

**T H O M P S O N**, Judge**:**

**¶1**         Robert Stanley Ortloff petitions for review of the trial court's summary dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure.  We have considered his petition for review and, for the reasons stated, grant review but deny relief.

**¶2**         In 2008, Ortloff was convicted by a jury on charges of first-degree murder, burglary in the first degree, and arson of an occupied structure stemming from the murder of his business partner in 1984.  The trial court sentenced Ortloff to life in prison with the possibility of release after twenty-five years for the murder together with a concurrent seven-year prison term for the burglary and a consecutive seven-year prison term for arson.  The trial court further ordered that the sentences be served consecutive to a fifty-year prison term Ortloff was serving for federal offenses related to the attempted murder of an Army soldier in 1986.  This court affirmed Ortloff's convictions and sentences on direct appeal. *State v. Ortloff*, 1 CA-CR 08-0508 (Ariz. App. Apr. 5, 2011) (mem. decision).

**¶3**         In December 2011, Ortloff filed a notice of post-conviction relief, and appointed counsel gave notice that she found no claims to be raised in a Rule 32 proceeding.  Ortloff thereafter filed a *pro se* petition for post-conviction relief alleging claims of prosecutorial misconduct, ineffective assistance of trial and appellate counsel, and cumulative error. The trial court summarily dismissed the petition, ruling that the claims of prosecutorial misconduct and cumulative error were precluded and that Ortloff failed to state a colorable claim of ineffective assistance of counsel. We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion.  *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).

**¶4**         We have reviewed the claims raised by Ortloff in his petition for post-conviction relief and the trial court's ruling and conclude the trial court thoroughly addressed and correctly resolved the claims in a manner "that will allow any court in the future to understand the resolution." *State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993).  No purpose would be served by repeating the trial court's ruling in its entirety, and we therefore adopt it. *See Id.*

**¶5**         In addition to challenging the trial court's rulings on his claims of prosecutorial misconduct, ineffective assistance of counsel, and cumulative error, Ortloff argues that the trial court abused its discretion by failing to recognize the exception to preclusion for claims raised under

Rules 32.1(e) and 32.1(h). Although claims of newly discovered material facts and actual innocence are not necessarily subject to preclusion pursuant to Rule 32.2(a), Ortloff did not raise these claims in his petition for post-conviction relief. Instead, they were raised for the first time in his motion for rehearing and in a motion to amend petition filed after the trial court had already ruled on his petition for post-conviction relief.

¶6 "The law is clear that a court will not entertain new matters raised for the first time in a motion for rehearing." *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991). Furthermore, nothing in Rule 32.6(d) — or any other provision of Rule 32 — permits a defendant to amend his or her petition after it has been dismissed. *See State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980) ("Rule 32.6(d) requires that amendments to pleadings be made prior to the trial court's ruling dismissing the petition or prior to the trial court's order granting or denying relief on the merits after a hearing on the petition pursuant to Rule 32.8(d)."). Because the claims of newly discovered material facts and actual innocence were not properly placed before the trial court for consideration, such claims "may not be included in a subsequently filed petition for review by this court or subsequent pleadings." *Id.*; *see also* Ariz. R. Crim. P. 32.9(c)(1)(ii) (petition for review must contain "issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review").

¶7 Ortloff additionally complains that the trial court did not rule on his motion for rehearing or his motion to amend his petition. Where no ruling is made on a motion, the motion is deemed denied by operation of law. *State v. Hill*, 174 Ariz. 313, 323, 848 P.2d 1375, 1385 (1993). There was no abuse of discretion in a denial of the motions as the attempt to insert new claims into the proceeding was untimely. *See Ramirez*, 126 Ariz. at 468, 616 P.2d at 928.

¶8 For the foregoing reasons, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama