616 P.2d 924

**STATE of Arizona, Respondent,**

v.

**Michael John RAMIREZ, Petitioner.**

**No. 1 CA–CR 4258–PR.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 26, 1980.

Rehearing Denied Aug. 11, 1980.

Review Denied Sept. 11, 1980.

Charles F. Hyder, Maricopa County Atty. by James R. Minter, Deputy County Atty., Phoenix, for respondent.

Victor Aronow, Tempe, for petitioner.

## OPINION

HAIRE, Presiding Judge.

Michael John Ramirez waived jury trial and was convicted by the trial court of two counts of rape while armed with a deadly weapon, two counts of lewd and lascivious

acts, and one count of sodomy.[1] After entry of judgment of guilt, he was sentenced to terms of 7½ to 20 years imprisonment for the armed rape counts, 4½ to 5 years imprisonment for the lewd and lascivious act counts, and 7½ to 20 years imprisonment for the sodomy count. All terms were to run concurrently. The convictions and sentences were affirmed on appeal to this Court. *State v. Ramirez*, 1 CA–CR 3096 (filed December 12, 1978).

Ramirez began these proceedings by filing a petition for post–conviction relief with the trial court *in propria persona*, pursuant to Rule 32.4(a), Arizona Rules of Criminal Procedure. Counsel for petitioner filed an amended petition for post–conviction relief. Rule 32.6(d). The case was assigned to the same trial judge who had previously convicted and sentenced petitioner. Rule 32.4(c). Following informal conference on the petition, the trial court ordered an evidentiary hearing. Rule 32.7; Rule 32.8. At that time, the court specified that the issues to be determined were as follows:

"1. Whether or not defendant lied when he testified before the Court at the time of trial and those alleged lies were caused by his counsel requesting the defendant to lie.

"2. Whether or not defendant's trial counsel was given names and addresses of witnesses who could have been called to substantiate defendant's present claim of an alibi.

"3. What those witnesses would have testified to.

"4. Whether or not all of these issues were waived by the defendant because his appeal counsel was aware of these claims and they were not raised in defendant's appeal brief."

The evidentiary hearing was held over a period of two days, and the petition was ultimately denied by the trial court. Rule 32.8. A timely motion for rehearing was filed, Rule 32.9(a), which raised issues not presented in the original petition or the amended petition. The motion for rehearing was likewise denied, and the matter is before us due to the filing of a timely petition for review. Rule 32.9(c). Approximately 6 months after the timely petition for review was filed by trial counsel, petitioner filed a "Supplemental Petition for Review" *in propria persona*. Three months thereafter, he filed an "Additional Supplemental Petition for Review" *in propria persona*. Both of these pleadings raised additional issues never presented to the trial court.

Petitioner's defense at the trial had been based on consent of the victim, with whom he had allegedly engaged in an extramarital affair prior to the night of the offense. The basic thrust of the petition and amended petition herein was that petitioner had committed perjury at trial when he testified about the consent of the victim, because he had been urged to do so by his trial counsel. The pleadings also allege that petitioner had in fact given up a valid alibi defense, which had been abandoned by his attorney although the attorney was made aware of it and the potential witnesses to the alibi. Additionally, the pleadings alleged that ineffective assistance of counsel resulted from a failure to challenge the testimony of the victim about the fact that she had "escaped" to a neighbor and the failure to challenge her testimony that she did not know what it felt like to have a man ejaculate inside her, which testimony allegedly created the inference that she had been a virgin before the offense. Finally, the pleadings presented the legal question of whether petitioner's right to equal protection of the laws was violated when both rape charges were consolidated for the initial trial.

Rule 32 places the burden of proving factual issues upon the petitioner. Rule 32.8(c) provides as follows:

"c. Burden of Proof. The petitioner shall have the burden of proving the allegations of fact by a preponderance of the

---

1. In another case consolidated for trial, Ramirez was acquitted of one count of attempted first degree rape and one count of first degree burglary.

evidence. If a constitutional defect is proven, the prosecutor shall have the burden of proving that the defect was harmless beyond a reasonable doubt."

To show ineffective assistance of counsel, the petitioner must show that the trial was reduced to a sham or a farce; that is, he must do more than show that his counsel was unsuccessful or made tactical errors. *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979). Additionally, he must demonstrate substantial prejudice resulting from ineffective assistance of counsel, without which the outcome of the case would probably have been different. *State v. Rogers*, 113 Ariz. 6, 545 P.2d 930 (1976). After taking the testimony of numerous witnesses during the course of the lengthy post–conviction hearing, including petitioner's potential alibi witnesses, his family, his trial counsel, trial counsel's investigator, and appellate counsel, the trial court entered a lengthy minute entry order which included the following findings:

"1) The defendant lied when he testified at the Trial and at the evidentiary hearing before this Court.

"2) His Trial counsel neither consented nor counseled him to lie at Trial.

"3) The victims [names omitted] were both truthful.

"4) Trial counsel prior to Trial was never given the names or addresses of witnesses who could support an alibi defense.

"5) All of the names and addresses or witnesses given to Trial counsel proved to be of people whose testimony would have been adverse to the defendant and supportive of the alleged victims.

\*     \*     \*     \*     \*     \*

"7) Appellate counsel knew of the claims heard on this petition for post conviction relief and deliberately disregarded them as being worthless and counter–productive.

This Court finds defendant had no alibi defense in fact and his claims are meritless as a matter of law."

We have carefully reviewed the transcript of the hearing and find that the trial court's conclusions are amply supported by the record.

As to the legal issue of whether petitioner was denied equal protection by being tried at the same time on both cases, it is of course clear that no constitutional violation is presented by the consolidation of two separate criminal cases for trial, in a proper situation. Rule 13.3, Arizona Rules of Criminal Procedure. The pleadings herein present no "colorable claim" that these cases were not properly consolidated. The pleadings are a generalized statement of legal principles without any relation to the facts of this particular case. Therefore, they do not present the "appearance of validity" required by Rule 32. *State v. Suarez*, 23 Ariz.App. 45, 530 P.2d 402 (1975).

There is an additional problem presented with all of the allegations contained in the original petition and the amended petition. None of them were preserved by the motion for rehearing, which, as mentioned earlier, merely presented new issues for determination. Rule 32.9(a) provides that in a motion for rehearing, an aggrieved party must "set forth in detail the grounds wherein it is believed the court erred." The purpose of a motion for rehearing under Rule 32.9 is to give the trial court an opportunity to correct any errors it may have made in the ruling on the petition for post–conviction relief. That purpose is not served when the party fails to point out to the court how it erred, and instead merely re–alleges the contentions already rejected by the trial court. In such an instance, the trial court is effectively denied its opportunity of meaningful review of its decision. *State v. McFord*, 125 Ariz. 377, 609 P.2d 1077 (App.1980). Nor is that purpose served where, as here, the aggrieved party fails to refer in any way to the original grounds. We find that the procedure utilized in this case failed to comply with the requirements of Rule 32.9(a).

In the motion for rehearing, petitioner presented three more issues regard-

ing ineffective assistance of counsel, on which he was allegedly not granted a hearing although he had presented them *orally* at the pre–hearing conference. The motion alleged that trial counsel failed to provide a notice of defenses or to notify the prosecutor about possible witnesses prior to trial so that petitioner was precluded from presenting his alibi witnesses, that trial counsel failed to request a mental examination of petitioner pursuant to Rule 11, and that trial counsel failed to explore the possibility of obtaining "controverting medical testimony" which "might" have rebutted testimony concerning the source of the victim's scratches and bruises, whether the intercourse was forced or consensual, and "at least" that there was no biological or physiological evidence "linking" the petitioner with the victim. Again, we find that the procedures of Rule 32 have not been complied with.

Rule 32.6(d) provides as follows:

"d. Amendment of Pleadings. Amendments to pleadings shall be liberally allowed at all stages of the proceeding *prior to entry of judgment.*" (Emphasis supplied).

 The motion for rehearing alleges that petitioner *orally*, at the pre–hearing conference, requested a hearing on these issues. However, they are not contained within the petition nor in any amendment thereto, but are presented for the first time in the motion for rehearing. Such an attempted amendment, coming orally and following denial of the petition for post–conviction relief, obviously was not made "prior to entry of judgment." We hold that Rule 32.6(d) requires that amendments to the pleadings be made prior to the trial court's ruling dismissing the petition or prior to the trial court's order granting or denying relief on the merits after a hearing on the petition pursuant to Rule 32.8(d).

 Aside from this consideration, however, petitioner would not be entitled to relief on these grounds alleged in the motion for rehearing. As to the first ground, defense counsel did in fact give notice of the defense used, namely consent, and there

were no other witnesses presented. This matter was litigated and correctly determined by the trial court. As to the second ground, petitioner states that his attorney should have requested a Rule 11 mental examination because of the fact that petitioner had a relatively crime–free life prior to these serious offenses. However, we do not believe this allegation states a "colorable claim" which has the "appearance of validity". *State v. Suarez, supra.* The mere circumstances alleged would not put an attorney on notice of mental deficiencies. The third issue alleging a failure to explore the possibility of obtaining "controverting medical testimony" is pure speculation, which likewise does not present a "colorable claim" with any "appearance of validity". *State v. Suarez, supra.*

 Finally, well after the trial court ruled on the motion for rehearing, petitioner presented a "Supplemental Petition for Review" and an "Additional Supplemental Petition for Review" which, as mentioned earlier, presented entirely new issues. As with the issues presented initially by the motion for rehearing, we conclude that the presentation of issues at these late dates did not comply with Rule 32.6(d). Since Rule 32.6(d) requires amendments prior to the entry of judgment, and since such amendments may not be made as late as the date of the motion for rehearing, *a fortiori* such amendments may not be included in a subsequently filed petition for review by this Court or subsequent pleadings. This reasoning applied with additional force in this situation, because issues first presented in a petition for review by this Court have obviously never been presented to the trial court for its consideration.

The trial court's order denying petitioner's Rule 32 petition is fully supported by the record. We therefore deny the relief requested.

O'CONNOR and FROEB, JJ., concur.