NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHN BATISTE CHARPIOT, III, *Petitioner*.

No. 1 CA-CR 13-0282 PRPC

FILED 12-16-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2010-157828-001
The Honorable Connie Contes, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

John Batiste Charpiot, III, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson, Judge Donn Kessler, and Judge Kent E. Cattani delivered the decision of the Court.

**PER CURIAM**:

¶1  Petitioner John Batiste Charpiot, III seeks review of the superior court's summary dismissal of his petition for post-conviction relief filed pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. We grant review but deny relief.

¶2  Pursuant to a plea agreement, Charpiot pleaded guilty to four counts of attempted child molestation and one count of sexual abuse of a minor under fifteen years of age. In accordance with the terms of the plea agreement, the superior court imposed three consecutive prison terms totaling thirty-five years, to be followed by two concurrent terms of lifetime probation.

¶3  On March 26, 2012, Charpiot filed a timely first notice of post-conviction relief. Charpiot's attorney thereafter filed a notice stating he had reviewed the record but had found no claims to raise in a post-conviction relief proceeding. The superior court gave Charpiot 45 days to file a *pro se* petition for post-conviction relief, but on June 12, 2012, after that time had elapsed, the superior court dismissed the post-conviction proceedings due to Charpiot's failure to file a petition raising any claims for relief.

¶4  On February 26, 2013, Charpiot filed a second notice of post-conviction relief in which he indicated he was alleging newly discovered material facts and that his failure to file a timely petition was without fault on his part. Charpiot thereafter filed a *pro se* petition in which he alleged as his sole claim that the superior court breached the plea agreement by imposing aggravated sentences without holding a hearing on the existence of aggravating factors.

¶5  The superior court summarily dismissed Charpiot's *pro se* petition. The court found that, because Charpiot had not alleged any new facts, he had failed to support his claim of newly discovered evidence. The court also found that Charpiot's failure to file a timely petition in the first post-conviction relief proceeding was not without fault because he had received notice of the court's order allowing 45 days to submit a *pro se* petition. Additionally, the court found Charpiot's claim that the sentencing court had improperly imposed aggravated sentences—a claim under Rule 32.1(c)—was precluded in a successive Rule 32 petition. *See* Ariz. R. Crim. P. 32.4(a) ("Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h).").

**¶6**        We review the summary dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006). In summarily dismissing the successive post-conviction proceedings, the superior court clearly identified Charpiot's claims and, as summarized above, resolved them appropriately.

**¶7**        In his petition for review, Charpiot includes additional facts and arguments not raised before the superior court purporting to justify his failure to file a *pro se* petition in the first post-conviction relief proceeding. A petitioner may not include new facts or argument in the petition for review not first presented to the superior court in the petition for post-conviction relief. *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980).

**¶8**        Accordingly, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama