NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

ARMANDO SAMUEL CHAVEZ, *Petitioner.*

No. 1 CA-CR 13-0700 PRPC
FILED 3-3-2015

Appeal from the Superior Court in Maricopa County
No. CR 2012-138682-002
The Honorable Jo Lynn Gentry, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Armando Samuel Chavez, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Maurice Portley joined.

---

**T H O M P S O N, Judge**:

¶1        Petitioner Armando Samuel Chavez petitions this court for review from the dismissal of his notice of post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Chavez pled guilty to armed robbery and the trial court sentenced him to a stipulated term of thirteen years' imprisonment.  Chavez did not seek post-conviction relief in a timely "of-right" post-conviction relief proceeding.  Chavez now seeks review of the summary dismissal of his first untimely notice of post-conviction relief.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        The petition for review properly presents one issue.  Chavez argues the trial court could not utilize a historical prior felony conviction for a class 6 non-dangerous felony to sentence him to an aggravated sentence for armed robbery.

¶4        We deny review.  Chavez could have raised this claim in a timely "of-right" petition for post-conviction relief.  Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded.  Ariz. R. Crim. P. 32.2(a).  Below, Chavez offered no explanation for why he failed to raise this issue in a timely fashion.

¶5        Even if Chavez had presented the issue in a timely manner, we would deny relief.  Chavez pled guilty to armed robbery as a class 2 non-dangerous felony with one prior felony conviction.  That prior felony conviction was for a class 6 felony Chavez committed in November 2008, less than four years before he committed the armed robbery in July 2012.  A "historical prior felony conviction" is defined in relevant part as any class 6 felony committed within the five years preceding the date of the present offense.  Ariz. Rev. Stat. (A.R.S.) § 13-105(22)(c) (2010).  Except for circumstances not present here, a person who is convicted of a felony offense and has one historical prior felony conviction is a "category two

repetitive offender." A.R.S. § 13-703(B)(2) (2010). Chavez's thirteen-year sentence was well within the range of sentence available for a category two repetitive offender convicted of a class 2 non-dangerous felony. *See* A.R.S. § 13-703(I).

**¶6** While the petition for review presents additional issues, Chavez did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶7** We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama