NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL GERROD ELLIS, *Petitioner*.

No. 1 CA-CR 13-0857 PRPC

FILED 6-18-2015

---

Appeal from the Superior Court in Yavapai County
No. P1300CR201100126
The Honorable Cele Hancock, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Yavapai County Attorney's Office, Prescott
By Daniel B. Woolston
*Counsel for Respondent*

Michael Gerrod Ellis, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

**K E S S L E R, Judge**:

¶1        Petitioner Michael Gerrod Ellis petitions this Court for review from the dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Ellis pled guilty to arson of an occupied structure, aggravated harassment, and two counts of endangerment.  The trial court sentenced him to 10.5 years' imprisonment for arson and placed him on three years' probation for the remaining counts.  Ellis filed a pro se "of-right" petition for post-conviction relief after his counsel found no colorable claims for relief.  The trial court denied the petition and Ellis now seeks review.   We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 13-4239(C) (2010).  *See also* Ariz. R. Crim. P. 32.9(c).

¶3        Ellis contends his only "defense" to the charges was insanity. He argues his trial counsel was ineffective when he told Ellis he could not plead guilty except insane; when he failed to investigate or seek out the possibility of a guilty except insane plea for Ellis; and when he failed to make the court or the State aware of all of Ellis's mental health problems. *See* A.R.S. § 13-502 (2010) (guilty except insane).  Finally, Ellis argues his counsel was incorrect when he told Ellis he would have to serve a "flat time" sentence for arson if he went to trial and lost.

¶4        To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To show prejudice, a defendant must show that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

¶5　　　　We deny relief because Ellis has failed to present a colorable claim that counsel's performance fell below objectively reasonable standards or that any action or inaction of counsel prejudiced him. Regarding an insanity plea, there is no evidence an insanity plea was a viable alternative. Ellis offers no evidence the State would have ever offered such a plea or considered an offer from Ellis that allowed him to plead guilty except insane. If the State did not make or accept such an offer, the only alternative way for Ellis to attempt to plead guilty except insane would have been for him to plead "straight up" to the indictment. In either situation, the trial court could not simply accept Ellis's claim that he was insane. Ellis would have had the burden to prove he was legally insane—that he did not know what he did was wrong. *See* A.R.S. § 13-502(A), (C). To do this, Ellis would have had to have at least one mental health expert opine that Ellis was insane at the time he committed the offenses. *See* A.R.S. § 13-502(B).

¶6　　　　Ellis offers no evidence that a mental health expert would have found Ellis was insane at the time he committed the offenses. A psychologist evaluated Ellis after Ellis's counsel obtained a Rule 11 evaluation to determine his competency to stand trial. Counsel sought the evaluation in light of Ellis's mental health problems associated with his military service and subsequent treatment with the United States Department of Veterans Affairs ("VA"). The psychologist examined Ellis and reviewed his VA medical records. The psychologist found Ellis had a 100% service related disability, was undergoing long-term treatment with the VA for post-traumatic stress disorder, depression and anxiety, and that he was taking various medications for these conditions. The psychologist found Ellis competent to stand trial so long as he continued to take his medications. The psychologist, however, never hinted that Ellis was legally insane and Ellis offers no evidence to suggest any mental health expert would have found him legally insane.

¶7　　　　Even if Ellis somehow managed to enter a plea that he was guilty except insane, the trial court would still have had to sentence Ellis pursuant to the applicable sentencing statutes. The only difference is that Ellis would have served any term of imprisonment in a state mental health facility rather than a prison. *See* A.R.S. § 13-502(D). In short, Ellis would still be guilty and still serve the same period of confinement.

¶8　　　　We also note that even if the court ultimately allowed Ellis to do so, pleading guilty except insane "straight up" to the indictment would have been greatly detrimental to Ellis. The plea Ellis entered into was for one class 2 dangerous felony and three class 6 non-dangerous felonies, all

of which were non-repetitive.  The plea also limited the maximum sentence Ellis faced for arson, made probation possible for aggravated harassment, and required probation for the other two offenses. To plead "straight up" would have resulted in convictions for two class 2 felonies, at least one of which would have been a dangerous felony; one class 4 felony; three class 6 felonies; and one class 3 misdemeanor.  There would have been no limitation on the court's ability to sentence Ellis up to the maximum term of imprisonment available for each offense, no limitation on the court's ability to "stack" sentences and no requirement of probation.  Further, the State could have attempted to enhance all of Ellis's sentences by proving he had at least one and possibly two prior felony convictions that qualified as historical prior felony convictions.  This would have been a far worse result than the plea deal counsel obtained for Ellis.   In short, counsel's failure to allow Ellis to plead to the indictment just to obtain a plea of guilty except insane did not fall below objectively reasonable standards and did not prejudice Ellis.

¶9            Regarding the alleged failure to make the court and the State aware of all of Ellis's mental health problems, the psychologist identified Ellis's mental health problems in her report and noted Ellis's history of treatment with the VA.  The court received a copy of the report.  The presentence report also addressed Ellis's mental health problems and treatment.  The court and parties discussed Ellis's mental health problems at a settlement conference.  The court informed Ellis at the settlement conference that the court thought 10.5 years' was an appropriate sentence because his military service and the resulting mental health problems were mitigating factors.  At sentencing, the court found Ellis's mental health problems and his long term treatment at VA facilities for those problems was a mitigating factor.  Ellis has failed to establish that counsel should have done anything more or that counsel's failure to do more prejudiced him.

¶10           Finally, counsel was correct that regardless of whether he pled guilty or went to trial and lost, Ellis must serve any sentence imposed for arson of an occupied structure as "flat time."  Ellis pled guilty to arson of an occupied structure as a class 2 dangerous felony.  A person sentenced to imprisonment for a class 2 dangerous felony is not eligible for suspension of sentence, probation, pardon or release on any basis until the person has

served the entire sentence.  A.R.S. § 13-704(A), (G) (Supp. 2014).[1]  None of the exceptions in A.R.S. § 13-704(G) apply.

**¶11**          Although the petition for review presents additional issues, Ellis did not raise those issues in the petition for post-conviction relief he filed below.  A petition for review may not present issues not first presented to the trial court.  *See State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980) (stating appellate court does not consider issues in petition for review that "have obviously never been presented to the trial court for its consideration"); Ariz. R. Crim. P. 32.9(c)(1)(ii) (requiring petition for review contain "issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review").

**¶12**          Because Ellis has failed to present a colorable claim that counsel's performance fell below objectively reasonable standards or that any action or inaction of counsel prejudiced him, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[1] We cite the current version of the applicable statute because no revisions material to this decision have since occurred.