NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

VLADIMIR FIGUEROA VIDAL, *Petitioner*.

No. 1 CA-CR 14-0562 PRPC
FILED 7-26-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2013-113593-001
The Honorable Robert E. Miles, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Vladimir Figueroa Vidal, San Luis
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jon W. Thompson joined.

---

**D O W N I E**, Judge:

**¶1**         Vladimir Figueroa Vidal petitions for review from the trial court's dismissal of his notice of post-conviction relief.  For the following reasons, we grant review but deny relief.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         Vidal pleaded guilty to aggravated assault and was sentenced to 7.5 years' imprisonment.  He did not file a timely notice of post-conviction relief.

**¶3**         Vidal now seeks review of the trial court's summary dismissal of his untimely request for post-conviction relief.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes section 13-4239(C).

**DISCUSSION**

**¶4**         Vidal asserts that he believed his notice of post-conviction relief was timely and that any deficiency in this regard was not his fault, but was due to ineffective assistance of counsel.  However, Vidal did not assert these claims or arguments below.  A petition for review may not present issues that were not first presented to the trial court.  *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶5**         Additionally, Vidal failed to comply with Rule 32.2(b).  When a defendant seeks to present issues in an untimely post-conviction relief proceeding, he must set forth those issues in the notice of post-conviction relief and offer "meritorious reasons" that substantiate the claims.  Ariz. R. Crim. P. 32.2(b).  The notice must also explain why the defendant did not raise the enumerated issues in a timely manner.  *Id*.  If the notice fails to

2

comply with these requirements, it "*shall* be summarily dismissed." *Id.* (Emphasis added.)

## CONCLUSION

**¶6** Because Vidal's notice of post-conviction relief was substantively non-compliant, the trial court did not abuse its discretion by summarily dismissing the notice.



Ruth A. Willingham · Clerk of the Court
FILED: AA