NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CATHERINE MARIA CANDELARIA, *Petitioner*.

No. 1 CA-CR 14-0569 PRPC
FILED 8-30-2016

Petition for Review from the Superior Court in Mohave County
No.  CR -2012-1381
The Honorable Rick A. Williams, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Catherine Maria Candelaria, Goodyear
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

---

**G O U L D**, Judge:

¶1        Petitioner Catherine Maria Candelaria petitions this court for review from the dismissal of her petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Candelaria entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), to one count each of aggravated assault and leaving the scene of an accident that involved an injury. The trial court sentenced her to an aggregate term of six years' imprisonment. Candelaria filed a pro se "of-right" petition for post-conviction relief after her counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Candelaria now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statute ("A.R.S.") section 13-4239(C) (2010).

¶3        Candelaria argues her trial counsel was ineffective when she failed to introduce evidence that proved Candelaria was not guilty. We deny relief because this is not the same issue Candelaria presented below. A petition for review may not present issues not first presented to the trial court. Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980). Below, Candelaria argued her counsel was ineffective when she failed to offer evidence of mitigating circumstances for sentencing purposes. The claim she raises now is a separate and distinct theory of ineffective assistance. That the evidence Candelaria offered to support both claims is the same is of no matter; the two claims of ineffective assistance are not the same.

¶4        We grant review and deny relief.



Amy M. Wood • Clerk of the court
FILED:  AA