NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL ANGELO APODACA, III, *Petitioner*.

No. 1 CA-CR 14-0794 PRPC
FILED 1-10-2017

Petition for Review from the Superior Court in Coconino County
No. CR2002-0038
The Honorable Mark R. Moran, Presiding Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By David W. Rozema
*Counsel for Respondent*

Michael Angelo Apodaca, III, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

**J O N E S**, Judge:

¶1 Petitioner Michael Apodaca petitions this Court for review from the summary dismissal of his second petition for post-conviction relief. A jury found Apodaca guilty of sexual assault, molestation of a child, and sexual conduct with a minor in 2002. This Court affirmed his convictions and sentences on direct appeal.

¶2 The petition for review properly presents three issues. Apodaca argues the prosecutor engaged in misconduct when he failed to disclose evidence of the prior juvenile adjudications of the victim and other witnesses and instead successfully moved to preclude that evidence. He further argues his counsel was ineffective when counsel failed to successfully oppose the prosecutor's motion and that the trial court erred when it granted the motion. Apodaca argues he can present these issues in an untimely, successive petition for post-conviction relief because amendments to Ethical Rule 3.8 that became effective in 2014 constitute a significant change in the law.

¶3 We deny relief. First, Apodaca cites no authority to support the proposition that a change to an ethical rule twelve years after a trial constitutes a "significant change in the law" that permits filing an untimely, successive petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.1(g) (authorizing petition for post-conviction relief if "[t]here has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence"). Moreover, Apodaca does not identify any relevant changes to Rule 3.8 or how those changes have any application to his case.[1] Second, filing and successfully arguing a motion *in limine* does not constitute prosecutorial misconduct; nor does unsuccessfully contesting that motion constitute ineffective assistance of counsel.[2] *See State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980) ("To show ineffective assistance of counsel, the petitioner . . . must do more than show that his counsel was unsuccessful . . . .") (citing *State v. Watson*, 120 Ariz. 441, 450 (1978)). Third, Apodaca argued on direct

---

[1] The version of Rule 3.8 in effect at the time of Apodaca's trial required prosecutors to timely disclose all evidence or information known to him that tends to negate guilt or mitigate the offense. Ariz. R. Sup. Ct. 42, ER 3.8(d) (2002). This provision remains unchanged in the current version. Ariz. R. Sup. Ct. 42, ER 3.8(d) (2017).

[2] Apodaca conceded below that his counsel opposed the motion *in limine* and sought disclosure and admission of the evidence.

appeal that the trial court erred when it granted the motion *in limine.* Any claim a defendant raised on direct appeal is precluded. Ariz. R. Crim. P. 32.2(a).

**¶4** Finally, the petition for review presents arguments that the prosecutor engaged in misconduct when he failed to disclose exculpatory material and his counsel was ineffective when he failed to compel disclosure of that evidence. Apodaca did not raise those issues in the petition for post-conviction relief he filed in the trial court. A petition for review may not present issues not first presented to the trial court. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii) (stating petition for review must identify "[t]he issues *which were decided by the trial court* and which the defendant wishes to present to the appellate court for review") (emphasis added); *State v. Vera*, 235 Ariz. 571, 573-74, ¶ 8 (App. 2014) (citing *Ramirez*, 126 Ariz. at 468).

**¶5** We therefore grant review but deny relief.

