NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CALVIN JAMES, *Petitioner*.

No. 1 CA-CR 15-0346 PRPC
FILED 3-7-2017

Petition for Review from the Superior Court in Maricopa County
No. CR1997-010797
The Honorable Dean M. Fink, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Calvin James, Jonesville, VA
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

**J O N E S**, Judge:

¶1        Calvin James petitions for review of the dismissal of his successive and untimely petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        In September of 1997, James was charged with sale of narcotic drugs, possession of narcotic drugs for sale, and possession of drug paraphernalia.  He ultimately pleaded guilty to possession of narcotic drugs for sale.  At the change of plea hearing, James denied selling any drugs, but admitted that he had possessed cocaine with the intent to transfer the drug.  The superior court accepted his plea and sentenced James to an exceptionally mitigated three-year term of imprisonment.

¶3        James timely filed his *pro se* notice of post-conviction relief of-right.  *See* Ariz. R. Crim. P. 32.1.  The superior court appointed counsel.  *See* Ariz. R. Crim. P. 32.4(c)(2).  After reviewing the file, including the transcripts of the change of plea and sentencing proceedings, counsel filed a notice that she had been unable to find any colorable claim.  *Id.*  The court granted James additional time to file a *pro se* petition, *id.*, but he did not do so, and the proceeding was dismissed.  James did not seek review of the dismissal order.

¶4        Over fifteen years later, James moved to "withdraw/vacate guilty plea."  He alleged that his counsel had been ineffective, there was an insufficient factual basis for the plea, and, because the superior court had inadequately advised him of the nature of the charge and of the consequences of his plea, his plea had not been made knowingly and voluntarily.  James did not explain the delay in asserting these claims.

¶5        The superior court treated the motion as a petition for post-conviction relief.  The court then found that the claims were precluded, noting "Defendant fail[ed] to state a claim for which relief can be granted in an untimely Rule 32 proceeding," and dismissed the petition.  *See* Ariz. R. Crim. P. 32.2(a).

¶6        On review, James' arguments are somewhat difficult to follow.  He first argues that his claims should not be precluded because, but for counsel's "deficient failure to consult with the defendant about a Post-Conviction Appeal, the defendant would have timely appealed."  But the record reflects that James did exercise his appellate right by timely filing his notice of post-conviction relief of-right.

2

¶7 James next argues post-conviction relief counsel was ineffective because she never consulted with him about possible issues or claims. He also argues for the first time that the waivers contained in his plea agreement, particularly the waiver of the right to a direct appeal, are invalid because they create a conflict of interest. These issues were not presented to the superior court, and may not now be presented in the petition for review. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii) (limiting the petition for review to "issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); *see also State v. Vera*, 235 Ariz. 571, 573-74, ¶ 8 (App. 2014) (citing *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).

¶8 James also reasserts his claims of ineffective assistance of trial counsel, insufficient factual basis, and an involuntary plea. These claims are precluded because they all arise under Rule 32.1(a) (permitting a person to seek relief on the grounds that "[t]he conviction or the sentence was in violation of the Constitution of the United States or of the State of Arizona"), and could and should have been raised in James' petition for post-conviction relief of-right filed over fifteen years ago, *see* Ariz. R. Crim. P. 32.2(a) ("A defendant shall be precluded from relief under this rule based upon any ground: . . . [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding."), 32.4(a) ("Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h).").

¶9 Accordingly, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA