NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

DON D. PEVE, *Petitioner.*

No. 1 CA-CR 15-0570 PRPC
1 CA-CR 16-0921 PRPC
(Consolidated)
FILED 6-1-2017

Petition for Review from the Superior Court in Yavapai County
No. P1300CR20040253
The Honorable Jennifer B. Campbell, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dana E. Owens
*Counsel for Respondent*

Don D. Peve, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Patricia K. Norris and Chief Judge Michael J. Brown joined.

J O H N S E N, Judge:

¶1        This case involves two petitions for review that we have consolidated.  Both petitions arise from the same conviction and sentence.  In 1 CA-CR 15-0570 ("the first case"), Peve seeks review of the summary dismissal of his fourth successive petition for post-conviction relief.  In 1 CA-CR 16-0921 ("the second case"), Peve seeks review of the denial of his motion for "clarification" of and "compliance" with his sentence.  In the second case, Peve does not expressly invoke Arizona Rule of Criminal Procedure 32, but the State treated it as a successive petition for post-conviction relief and the superior court agreed with the State's analysis.  We elect to address Peve's filing in the second case as a petition for review from the summary dismissal of a successive petition for post-conviction relief.  We accept review of both petitions, but deny relief.

¶2        In 2004, Peve pled guilty to sexual assault and attempted sexual abuse.  As a result of the plea, the superior court revoked Peve's probation for fraudulent schemes and artifices in a separate case, and sentenced Peve to five years' imprisonment on that charge.  On the charges of sexual assault and attempted sexual abuse, the court imposed concurrent terms of incarceration of 10 and 1.5 years, to run consecutively with the fraud sentence.

¶3        In his petition for review in the first case, Peve argues the Arizona Department of Corrections ("DOC") has unilaterally and unlawfully converted his sentence for sexual assault to a "flat-time" term for calendar years, making him ineligible for earned release credit.  In his petition for review in the second case, Peve similarly argues that his plea agreement specified that he would receive release credit, but that DOC has unlawfully changed his term to "flat time."

¶4        It is true that the plea agreement stated that Peve would be eligible for early release; the agreement also, however, specified that Peve would plead guilty under Arizona Revised Statutes ("A.R.S.") section 13-1406 (2017), which does not permit early release for certain sex offenders.

*See* A.R.S. § 13-1406(B).[1]  In its sentencing order, the court did not specify a flat-time sentence, but imposed incarceration pursuant to A.R.S. § 13-1406.

¶5            If, despite the clear language of A.R.S. § 13-1406(B), Peve wished to assert that his sentence for sexual assault was not flat time and the language in the plea agreement regarding earned release credit applied, he could have done so in a prior post-conviction relief proceeding.[2]  Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded.  *See* Ariz. R. Crim. P. 32.2(a).  With his petition for review, Peve has provided a declaration in which he states that until 2015, "I believed my sentence structure was correct in that I was to serve my full sentence as flat-time."  He further states that it was not until "a friend" compared his sentencing order with DOC's time computation that he realized the computation "differed vastly from the Court's Sentencing Order."  Peve did not provide the superior court with the declaration, and so we will not consider it.  *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).  In any event, Peve's declaration defeats any possible contention that he was unaware that his sentence was to be served flat time.

¶6            Peve also argues DOC violated his right against double jeopardy by mandating that his term of community supervision will run beyond his "term-of-years sentence."  But he offers no support for his contention that under Arizona law, community supervision is served concurrently with a prison sentence.  *See* A.R.S. § 13-603(I) (2017) ("If a person is convicted of a felony offense and the court sentences the person to a term of imprisonment, the court at the time of sentencing shall impose on the convicted person a term of community supervision.  The term of community supervision shall be served consecutively to the actual period of imprisonment . . . .").

---

[1]      Absent material revision after the date of an alleged offense, we cite a statute's current version.

[2]      Peve challenged his sentence(s) in all of his prior post-conviction relief proceedings.

¶7　　　　For the foregoing reasons, we grant review of both petitions but deny relief.

