NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MELVIN D. HIBBLER, *Petitioner*.

No. 1 CA-CR 16-0428 PRPC
FILED 8-31-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2015-107599-001
The Honorable Daniel J. Kiley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Melvin D. Hibbler, Phoenix
*Petitioner*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

**C A M P B E L L**, Judge:

¶1          Petitioner Melvin D. Hibbler petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and grant review but deny relief.

¶2          Hibbler pled guilty to aggravated driving under the influence, a class 4 felony. Pursuant to the plea stipulation, the superior court sentenced him to 2.5 years in prison. Hibbler filed a successive, untimely petition for post-conviction relief (PCR) over one year after he entered his plea of guilty. He alleged his counsel was ineffective by not filing a timely appeal after Hibbler directed him to do so, that he entered a plea even though his blood alcohol content (BAC) was not available to present to the court, and the superior court should have considered adjudicating his case in "[M]ental [H]ealth [C]ourt." The superior court summarily dismissed his petition, including rejecting his claim that his BAC constituted newly discovered evidence and finding his ineffective assistance of counsel claim untimely.

¶3          In his petition for review, Hibbler reframes arguments which are not contained in his PCR. First, he asserts that his plea attorney was ineffective because he failed to advise him of the PCR time limits. Second, he claims counsel was ineffective because he failed to determine his BAC prior to the entry of a plea and now argues counsel had access to the "blood kit" before his court appearance. Third, Hibbler also claims his plea was not voluntary because he did not have the BAC results. Issues not presented to the superior court may not be presented in the petition for review.[1] *See* Ariz. R. Crim. P. 32.9(c)(1); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980). Lastly, Hibbler argues that because his BAC results were not presented to the superior court, the superior court should have dismissed his case. The record shows he entered a plea and waived all non-jurisdictional defenses. *See State v. Flores*, 218 Ariz. 407, 409-10, ¶ 6 (App. 2008).[2]

---

[1]     Additionally, regarding his argument that his plea attorney failed to advise him of the PCR time limits, Hibbler signed the Notice of Rights of Review After Conviction and Procedure. He therefore provided an insufficient factual basis to support his claims. *See* Ariz. R. Crim. P. 32.9 (c)(1)(iii).

[2]     The only evidence in the appellate record indicates Hibbler had a BAC of .22. Even if the court considered Hibbler's argument, the BAC

¶4            Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

information would not have "changed the verdict or sentence." *See* Ariz. R. Crim. P. 32.1(e)(3).