NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHRISTOPHER MICHAEL NORRIS, *Petitioner*.

No. 1 CA-CR 18-0707 PRPC
FILED 3-28-2019

Petition for Review from the Superior Court in Yavapai County
No.  P1300CR201301146
The Honorable Patricia A. Trebesch, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Joshua I. Fisher
*Counsel for Respondent*

Christopher Michael Norris, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James P. Beene joined.

**C A T T A N I**, Judge:

¶1 Christopher Norris petitions for review from the superior court's dismissal of his of-right petition for post-conviction relief. For reasons that follow, we grant review but deny relief.

¶2 Norris pleaded guilty to armed robbery, burglary in the first degree, kidnapping, and aggravated assault with a dangerous instrument. He was sentenced to a combination of concurrent and consecutive terms of imprisonment totaling 52 years.

¶3 Norris timely filed an of-right notice of post-conviction relief, and counsel was appointed to represent him. Counsel filed a petition for post-conviction relief raising two issues: (1) the factual bases for Norris's guilty pleas to the kidnapping and aggravated assault offenses were insufficient, and (2) trial counsel was ineffective for allowing Norris to plead guilty to those offenses with an insufficient factual basis. The superior court dismissed his petition, finding that there was a sufficient factual basis for his guilty pleas based on accomplice liability and that he did not set forth a colorable claim of ineffective assistance of counsel.

¶4 Norris then filed a pro se petition for review, but the petition raises five new arguments not raised before: (1) actual innocence, *see* Ariz. R. Crim. P. 32.1(h); (2) illegal sentence (enhancement with prior convictions), *see* Ariz. R. Crim. P. 32.1(c); (3) ineffective assistance of counsel for failing to object to the enhanced sentence, *see* Ariz. R. Crim. P. 32.1(a); (4) ineffective assistance of counsel for failing to object to consecutive sentences, *see id.*; and (5) prosecutorial misconduct based on the allegedly illegal sentence enhancements and consecutive sentences, *see id.* We do not address these issues because Norris did not first present them to the superior court, and a petition for review may not include new arguments not first presented in the petition for post-conviction relief. Ariz. R. Crim. P. 32.9(c)(4)(B)(ii), (D); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).

¶5 Accordingly, we grant review but deny relief.

