NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KEVIN MICHAEL GOC, *Petitioner*.

No. 1 CA-CR 20-0345 PRPC

FILED 1-26-2021

Petition for Review from the Superior Court in Mohave County
No. S8015CR201800420
S8015CR201800697
The Honorable Richard D. Lambert, Judge

**REVIEW DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Kevin Michael Goc, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie, Judge Cynthia J. Bailey and Judge Lawrence F. Winthrop delivered the decision of the Court.

**PER CURIAM**:

¶1         Petitioner Kevin Michael Goc petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, deny review.

¶2         The State charged Goc in two separate cases with possession of dangerous drugs for sale. Resolving both cases by plea agreement, Goc pled guilty to two counts of attempt to commit possession of dangerous drugs for sale, both class 3 felonies, and stipulated to three-and-a-half and six-and-a-half year consecutive prison sentences for a total of ten years. After the trial court sentenced Goc consistent with the plea agreement, Goc timely filed a notice of post-conviction relief. Counsel was appointed and after reviewing the record, found no claims for relief. Goc then filed a pro per petition for post-conviction relief, where he checked a number of boxes as a basis for relief under both Rule 32.1 and 33.1 Ariz. R. Crim. P. Because Goc failed to explain any errors in the case or cite to any supporting authority, the trial court summarily dismissed the petition.

¶3         Goc timely filed a petition for review, alleging that he should have received concurrent sentences and that as a first-time felony offender, his sentence was illegally enhanced. Goc raises new arguments in his petition for review that were not first addressed by the superior court. *See* Ariz. R. Crim. P. 33.16(c)(2)(B) (petition for review must contain issues decided by trial court that defendant is presenting for review); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (court of appeals does not address issues raised for first time in petition for review). Additionally, he neither identifies the issues addressed by the trial court nor summarizes the facts material to the consideration of those issues as required by Rule 33.16(c), Ariz. R. Crim. P. Nor is there citation to the record or supporting legal authority. Goc's failure to comply with Rule 33.16 justifies our refusal to grant review. *See* Ariz. R. Crim. P. 33.16(k) (describing appellate review under Rule 32.9 as discretionary); *State v. Bolton*, 182 Ariz. 290, 298 (1995) (insufficient argument waives claim on review); *State v. Carriger*, 143 Ariz.

142, 146 (1984) ("Petitioners must strictly comply with Rule 32 or be denied relief.").

¶4        Accordingly, review of the trial court's order is denied.



AMY M. WOOD • Clerk of the Court
FILED:    AA