NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

DEVIN ANTUANE BROWN, *Petitioner*.

No. 1 CA-CR 21-0552 PRPC
FILED 8-18-2022

---

Petition for Review from the Superior Court in Maricopa County
No.  CR2013-425308-001
The Honorable Sally Schneider Duncan, Judge (Retired)

**REVIEW GRANTED/RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Respondent*

Devin Antuane Brown, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

¶1 Petitioner Devin Antuane Brown petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, we deny relief.

¶2 Brown pled guilty to aggravated assault and attempted first degree murder. The superior court sentenced Brown to five years in prison on the aggravated assault count and suspended sentence on the attempted murder count, placing Brown on five years of intensive probation scheduled to commence upon his discharge from prison. Upon his release in 2017, Brown's probation began, and, within two months, the State petitioned to revoke it. In 2018, the State filed another petition to revoke Brown's probation, and shortly thereafter, a supplemental petition that included an allegation that Brown committed a new felony offense. After Brown pled guilty to the new offense, the superior court found him in automatic violation of his probation in this cause number. On October 29, 2018, the court revoked Brown's probation and sentenced him to five years in prison on the attempted murder count.

¶3 On October 21, 2021, Brown filed an untimely notice requesting post-conviction relief. In the notice, Brown checked the box for raising a claim under Rule 32.1(a) and stated that his claim was untimely due to "newly discovered evidence." The superior court summarily dismissed the notice. Brown timely filed a petition for review.

¶4 In his petition for review, Brown argues for the first time that attempted felony murder is not a cognizable crime. This argument was not argued or addressed by the superior court; therefore, it is waived. *See* Ariz. R. Crim. P. 33.16(c)(2)(B) (petition for review must contain issues decided by the trial court that the defendant is presenting for review); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (court of appeals does not address issues raised for the first time in a petition for review). Brown also failed to attach a copy of the trial court's ruling. *See* Ariz. R. Crim. P. 33.16(c)(2)(A).

Without addressing the merits of Brown's argument, we note that Brown was not charged under a theory of felony murder.

**¶5** A petitioner must strictly comply with the post-conviction rules or be denied relief. *State v. Carriger,*143 Ariz. 142, 146 (1984). It is the petitioner's burden to assert a claim within the provisions of Rule 33 and a failure to comply with the rule results in a waiver of that claim. *Id*. Brown's failure to comply with Rule 33.16 justifies our refusal to grant review. *See* Ariz. R. Crim. P. 33.16(k) (describing appellate review as discretionary).

**¶6** Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA