NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WADE AARON LIMEHOUSE, *Petitioner*.

No. 1 CA-CR 22-0211 PRPC
FILED 11-17-2022

Appeal from the Superior Court in Maricopa County
No. CR2003-013550-001
The Honorable Geoffrey H. Fish, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Respondent*

Wade Aaron Limehouse, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma, Judge Cynthia J. Bailey, and Vice Chief Judge David B. Gass delivered the decision of the Court.

---

**PER CURIAM**:

**¶1**         Petitioner Wade Aaron Limehouse petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Limehouse pled guilty to sexual conduct with a minor and attempt to commit child molestation, both dangerous crimes against children ("DCAC") because the victims were under ten years old. In September 2004, the superior court sentenced Limehouse to a slightly aggravated term of twenty-three years in prison to be followed by lifetime probation.

**¶3**         In March 2022, Limehouse filed his first notice and petition for post-conviction relief. Limehouse argued that a legislative amendment to Arizona Revised Statutes ("A.R.S.") § 13-702 was a significant change in the law and therefore he should be resentenced as a first-time felony offender. The superior court summarily dismissed the petition as untimely and found that § 13-702 did not apply to Limehouse. This petition for review follows and we review for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

## DISCUSSION

**¶4**         A defendant must file a claim for post-conviction relief within 90 days after sentencing. Ariz. R. Crim. P. 33.4(b)(3)(A). However, a claim arising under Rules 33.1(b) through (h) may be filed in an untimely notice if the defendant "explain[s] the reasons for not raising the claim . . . in a timely manner." Ariz. R. Crim. P. 33.2(b)(1). The defendant must also file the claim "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B).

**¶5** Limehouse fails to explain why he waited nearly eighteen years to file a notice of post-conviction relief. Thus, his claim is precluded. Limehouse also fails to raise a colorable claim as he does not explain how the amended statute applies to his case in lieu of the DCAC sentencing statute, which applies to crimes committed against children under the age of fifteen. *See* A.R.S. § 13-705. Limehouse does not dispute the age of the victims, who were both under ten years old when the offenses were committed. Nor does Limehouse's claim of a change in the law amount to newly discovered evidence. *Compare* Ariz. R. Crim. P. 33.1(e) (providing relief if "newly discovered material facts exist") *with* Ariz. R. Crim. P. 33.1(g) (providing relief if "there has been a significant change in the law"). The superior court did not abuse its discretion in summarily dismissing Limehouse's claims.

**¶6** Finally, Limehouse appears to argue that amendments to A.R.S. § 13-604 in 1994 and § 13-705 in 2017 are significant changes in the law and that his sentence violates the Eighth Amendment. Limehouse failed to raise these arguments before the superior court; therefore, they are waived. *See* Ariz. R. Crim. P. 33.16(c)(2)(B) (petition for review must contain issues decided by the superior court); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (court of appeals does not address issues raised for the first time in a petition for review).

## CONCLUSION

**¶7** We grant review and deny relief.

