NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

NANCY CATHLEEN BELL, *Petitioner*.

No. 1 CA-CR 25-0457 PRPC
FILED 04-09-2026

Petition for Review from the Superior Court in Coconino County
No. CR2022-00552
The Honorable Ted Stuart Reed, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Heather A. Mosher
*Counsel for Respondent*

Nancy Cathleen Bell, Goodyear
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass, Judge Anni Hill Foster, and Judge D. Andrew Gaona delivered the decision of the court.

---

**PER CURIAM**:

**¶1**        Petitioner Nancy Cathleen Bell seeks review of the superior court's order denying her first petition for post-conviction relief.

**¶2**        The State indicted Bell for second degree murder, a class 1 felony, and child abuse, a class 2 felony. Early in the case, Bell's counsel filed a motion to dismiss the charges or remand to the grand jury for a new probable cause finding under Rule 12.9, Arizona Rules of Criminal Procedure. Bell and the State later stipulated to stay the motion while they negotiated a potential plea agreement. Because Bell ultimately pled guilty to the second degree murder count, the superior court never ruled on the motion.

**¶3**        Following Bell's guilty plea, the superior court sentenced Bell to a flat time sentence of 18 years in prison with credit for time served. That sentence was within the range to which Bell agreed in the plea agreement.

**¶4**        Absent an abuse of discretion or error of law, the court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Bell bears the burden of showing the superior court abused its discretion by denying her petition. *See State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011).

**¶5**        The court reviewed the record in this matter, the superior court's order denying Bell's petition for post-conviction relief, Bell's petition for review, and the State's response. For 3 reasons, the court denies Bell relief.

1.    The superior court did not abuse its discretion in denying the relief Bell requested. She simply asked the superior court "to take a second look at [her] charge . . . and sentence." In denying the petition, the superior court said, "The Defendant's claims fail to present a material issue of fact or law which would entitle the Defendant to relief." Because Bell failed to assert any grounds supporting relief

under Rule 33, Arizona Rules of Criminal Procedure, the superior court did not abuse its discretion.

2. Though Bell's petition here asks for relief based on prosecutorial misconduct arising out of the indictment, she waived that issue by not raising it before the superior court in her petition. *See* Ariz. R. Crim. P. 33.16(c)(2)(B); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (holding appellate court will not consider post-conviction issues the superior court did not decide).

3. Bell waived any non-jurisdictional defects (including any in the indictment) when she pled guilty and agreed to the factual basis. *See State v. Chavez*, 243 Ariz. 313, 318 ¶ 14 (App. 2017) ("A defendant who pleads guilty waives the right to assert on review all non-jurisdictional defenses, including deprivations of constitutional rights.").

¶6     The court thus grants review and denies relief.

