NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WILLIAM HAYWARD WITHERSPOON, III, *Petitioner*.

No. 1 CA-CR 15-0853 PRPC

FILED 8-17-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2012-138292-001
The Honorable Brian Kaiser, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

William Hayward Witherspoon, III, Eloy
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Chief Judge Samuel A. Thumma joined.

**D O W N I E**, Judge:

**¶1**         William Hayward Witherspoon III petitions for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. For the following reasons, we grant review but deny relief.

**¶2**         Witherspoon pleaded guilty to two counts of burglary in the first degree. The superior court sentenced him to consecutive 10.5-year prison terms. Witherspoon filed a timely notice of post-conviction relief. Appointed counsel was unable to discern a colorable claim and did not file a petition. Witherspoon did not timely file a *pro se* petition, and the superior court dismissed the Rule 32 proceeding.

**¶3**         Almost nine months later, Witherspoon filed a "Withdrawal of a Plea," challenging the "long[] and harsh[] sentence." The superior court treated the filing as a notice for post-conviction relief and summarily dismissed it. Witherspoon then filed an untimely combined notice of, and petition for, post-conviction relief, asserting the untimeliness was through no fault of his own, and the untimeliness was excusable due to a significant change in the law that would likely overturn his conviction or sentence. Witherspoon also asserted that: ineffective assistance of trial counsel led to his consecutive prison terms; Rule 32 counsel was ineffective; and he was improperly denied a *Donald*[1] hearing in connection with an earlier, more favorable, plea offer. Concluding Witherspoon had failed to state a cognizable claim for relief under Rule 32, the superior court dismissed the notice/petition. This timely petition for review followed.

**¶4**         Witherspoon contends trial counsel was ineffective because he was subjected to two consecutive 10.5-year terms of imprisonment, and Rule 32 counsel was ineffective for "miss[ing] [the] substantial IAC claim." Absent an abuse of discretion or error of law, this Court will not disturb the superior court's ruling on a petition for post-conviction relief. *State v.*

---

[1]         *State v. Donald*, 198 Ariz. 406 (App. 2000).

*Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). To state a colorable claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985).

¶5 Witherspoon has not demonstrated an abuse of discretion or error of law. First, his ineffective assistance claims are precluded. *See State v. Bennett*, 213 Ariz. 562, 566, ¶ 14 (2006) ("[W]hen 'ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded.'" (citation omitted)). Second, his claims fail on the substantive merits. The court properly imposed consecutive sentences because the burglaries were committed on different dates and involved different victims. *See* Ariz. Rev. Stat. § 13-711(A) (requiring consecutive sentences when imposing multiple prison terms unless court "expressly directs otherwise" and sets forth its reasoning on the record).

¶6 Witherspoon contends *Martinez v. Ryan*, 566 U.S. 1 (2012), permits him to raise an untimely ineffective assistance of counsel claim. But Witherspoon did not present this argument in the superior court in his petition for post-conviction relief and may not assert it for the first time in this Court. *See* Rule 32(c)(1)(ii); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980). Furthermore, Witherspoon's reliance on *Martinez* is misplaced. *Martinez* held that, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17. This simply means that Witherspoon can pursue relief in federal court predicated on ineffective assistance of trial counsel if he can first show either that he had no counsel in his first post-conviction relief proceeding or that counsel in his first post-conviction relief proceeding was ineffective. *Martinez* does not require state courts to consider untimely claims of ineffective assistance of counsel asserted in post-conviction proceedings.

**CONCLUSION**

¶7        For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA