NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

JONATHAN MATTOX, *Petitioner*.

No. 1 CA-CR 21-0408 PRPC
FILED 2-10-2022

---

Petition for Review from the Superior Court in Maricopa County
No. CR2018-005560-001
The Honorable Laura J. Giaquinto, Judge *Pro Tempore*

### REVIEW GRANTED; RELIEF DENIED

---

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Faith Cheree Klepper
*Counsel for Respondent*

Jonathan Mattox, Phoenix
*Petitioner*

---

## MEMORANDUM DECISION

Judge D. Steven Williams, Presiding Judge Cynthia J. Bailey, and Judge Peter B. Swann delivered the decision of the Court.

---

**PER CURIAM**:

**¶1**  Jonathan Mattox petitions this court for review from the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure 33. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**  The State charged Mattox with two counts of aggravated driving under the influence ("DUI"), a class 4 felony. The DUIs were alleged to be aggravated by application of A.R.S. § 28-1383(A)(1), which provides:

> A. A person is guilty of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs if the person does any of the following:
>
> 1. Commits a violation of § 28-1381, § 28-1382 or this section while the person's driver license or privilege to drive is suspended, canceled, revoked or refused or while a restriction is placed on the person's driver license or privilege to drive as a result of violating § 28-1381 or 28-1382 or under § 28-1385.

**¶3**  The parties participated in a settlement conference several months after Mattox was indicted. Because he had two historical prior felony convictions, Mattox's presumptive sentence, if convicted at trial, was ten years' imprisonment. The State extended an offer requiring him to plead guilty to one aggravated DUI with one prior felony, with the stipulation that he receive a prison sentence between three and six years.

**¶4**  At the settlement conference, Mattox repeatedly disputed the aggravated DUI charges. He admitted his license was suspended when he was arrested for DUI but argued a DUI could only be aggravated for a suspended license if the suspension was for a previous DUI—which was

not the case here.[1] The trial court confirmed that Mattox's arraignment documentation referred to a license suspension or revocation for DUI but told him that the stated reason for the suspension or revocation did not matter "from a court standpoint." Again and again, the court informed Mattox that his position his license had to be suspended for a previous DUI in order for him to be charged with an aggravated DUI, was incorrect. The court made the following statements at various points during the conference: "[I]t doesn't matter why your license was revoked. If it was a revoked license and the State can prove that, then . . . that's what makes it aggravated." "[I]t doesn't matter why your license was suspended, it doesn't matter. . . . If it was suspended and the State can prove it was suspended . . . that's all the elements that they have to prove." "There's nothing that differentiates between suspended for a DUI and suspended for other purposes; that's not something that differentiates your aggravated DUI." "[A]s long as [the State] can prove that you had a suspended license, period, you're going to be an aggravated DUI."

¶5 Mattox's attorney did not speak much during the settlement conference, but at no point did he convey that he agreed with Mattox's interpretation of the law. To the contrary, when Mattox posited that committing a DUI with a "regular suspension" was a different, less severe offense than committing a DUI with a "DUI suspension," his attorney responded, "It's all the same." Ultimately, Mattox said he had told his attorney he was "not going to take this to trial" and he would "take the plea." Later that day, he pled guilty to one count of aggravated DUI with one historical prior felony conviction.

¶6 When the parties convened for sentencing one month later, Mattox moved to dismiss his attorney and withdraw his plea. Mattox complained that his attorney failed to "do research for [him]" and that, after entering into the plea agreement, Mattox himself "looked up what an aggravated DUI is and my case is not aggravated, it's a regular DUI." He further asserted that "no one had the right information" at the settlement conference; his attorney had "advised [him] incorrectly"; he "did the research on [his] own"; and "[a]n aggravated DUI is your license suspended due to a DUI, that's what makes it aggravated because it's DUI related." The court agreed to appoint Mattox a new attorney, and it scheduled a later

---

[1] Mattox's arraignment paperwork, which he apparently showed to the trial court during the settlement conference, stated that the grand jury had charged him with "AGG DUI-LIC SUSP/REV FOR DUI." Mattox believed that the allegation his license was suspended for a previous DUI was based on a mistaken assumption.

hearing to address either sentencing mitigation or withdrawal of the plea. The court informed Mattox that it recalled discussing the issue at the settlement conference and it did not "think there was any issue with how [the State] charged it," but the court was willing to hear Mattox out.

¶7 Mattox received a new attorney, who was granted a continuance to prepare for the scheduled hearing. On that date, when the trial court asked the defense how it would like to proceed, Mattox's attorney stated that Mattox "would like to address the [c]ourt." Defense counsel conveyed that he had talked with Mattox; Mattox was "intelligent"; Mattox had received a copy of the grand jury transcript, the indictment, appropriate discovery, and current case law; and Mattox was "well advised." His attorney presented no argument.

¶8 Mattox said he wanted to withdraw his plea because he had been "misled." When asked what "new information" he had received to justify withdrawal, he referred to a copy of A.R.S. § 28-1383, the aggravated DUI statute, which he did not have when he agreed to plead guilty. Mattox argued that the statute, as written, applied only if the defendant's license was suspended for violating § 28-1381, -1382, or -1385 and that the statute, therefore, did not apply to his case because his "license was not under suspension due to violating [§ 28-]1381, [-]1382 or [-]1385."[2]

¶9 The State objected to Mattox withdrawing his plea. The prosecutor argued Mattox had provided no information contradicting what had been discussed "ad nauseam" at the settlement conference and Mattox was "misreading the statute" by proposing an interpretation that ran "counter to the plain language of the statute" and "to case law."

¶10 Based on Mattox's representation that he believed he had new information he did not fully understand at the time of the settlement conference, the trial court allowed him to withdraw his guilty plea and it scheduled a trial date four months later. The prosecutor stated there would be "no plea offers from now on."

¶11 Two months before trial, the court granted Mattox's motion to withdraw his second attorney and it appointed a third. Three days before trial, Mattox pleaded guilty to the court, to the charges in the indictment and to the allegation he had two historical prior felony convictions. Mattox

---

[2] Sections 28-1381 and -1382 criminalize DUI. Section 28-1385 governs administrative license suspensions for DUI and specified offenses involving a motor vehicle.

apologized for the prior proceedings and stated there was "no need for a trial" because he did not contest the evidence and his new attorney had explained the law to him better than his previous attorneys.

¶12        At the sentencing hearing, Mattox's attorney said it took him "a great deal of time in going over these issues with Mr. Mattox before he understood what the true nature of the law was." Mattox explained that he had pled guilty in an earlier case to a charge he later felt was inappropriate and that the experience led him to question the charge in this case. Regarding his prior attorneys, Mattox said he did not initially believe his first attorney was acting in his best interest but "[o]bviously now he was doing a good job." He said he asked to change his second attorney because that attorney apparently advised him that he would be better off with different counsel for trial.

¶13        The trial court sentenced Mattox to a slightly mitigated term of 9.5 years' imprisonment. He timely initiated a proceeding for post-conviction relief.

¶14        After Mattox's appointed attorney declared he could find no colorable post-conviction claim to raise, Mattox filed a petition *in propria persona* claiming ineffective assistance of counsel. Mattox asserted his first two attorneys did not adequately explain the aggravated DUI law to him and that all three attorneys failed to adequately prepare for trial. The trial court denied relief, occasioning our review.

## DISCUSSION

¶15        We consider the summary denial of post-conviction relief for an abuse of discretion. *State v. Kolmann*, 239 Ariz. 157, 160, ¶ 8 (2016). "An abuse of discretion occurs if the [post-conviction relief] court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). Whether counsel provided constitutionally defective assistance is a mixed question of fact and law. *See id.*

¶16        In his petition for review, Mattox challenges the trial court's dismissal of his ineffective assistance claims and further purports to raise new claims of judicial and prosecutorial misconduct. None of Mattox's arguments warrant relief.

¶17        "To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the

defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *Id.*

**¶18**     The undisputed facts in the record controvert Mattox's claims that his first two attorneys inadequately advised him of the aggravated DUI law. The conduct and statements of Mattox's attorney at the settlement conference—together with Mattox's later request to withdraw his plea because that attorney had "advised [him] incorrectly"—shows that the first attorney, in fact, provided correct advice that Mattox chose to disregard. Mattox's argument that his first attorney erred by not giving him a copy of the aggravated DUI statute is unavailing because even after Mattox obtained the statute, he continued to cling to an erroneous interpretation of the law.[3] Mattox, therefore, fails to show what difference it would have made had he had a copy of the statute at the settlement conference.

**¶19**     The conduct of Mattox's second attorney at the hearing on withdrawal, together with the attorney's representations about Mattox being "well advised," shows that attorney, too, gave Mattox correct advice on the aggravated DUI law. *See* Ariz. R. Sup. Ct. 42, ER 3.1, 3.3(a)(1).

---

[3]     Mattox continues to question the interpretation of A.R.S. § 28-1383(A)(1), asserting the statute can be read as he proposed and that the interpretation endorsed by the State and the trial court renders part of the statute redundant. He is mistaken. The clause at issue reads: "while the person's driver license or privilege to drive is suspended, canceled, revoked or refused or while a restriction is placed on the person's driver license or privilege to drive as a result of violating § 28-1381 or 28-1382 or under § 28-1385." The placement of commas, the use of "or" twice, and the change in syntax between "suspended, canceled, revoked or refused" and "while a restriction is placed," are key to the provision's interpretation—showing that the condition "as a result of violating § 28-1381 or 28-1382 or under § 28-1385" applies only to the clause "while a restriction is placed on the person's driver license or privilege to drive." Contrary to Mattox's position, the phrase "as a result of violating § 28-1381 or 28-1382 or under § 28-1385" is not redundant because that condition limits when a "restriction" on a driver license or privilege may trigger the aggravated DUI statute. In other words, the statute applies if a license or privilege is suspended, canceled, revoked, or refused for any reason, but it may only be applied when a person's license is "restricted" if the restriction was "as a result of violating § 28-1381 or 28-1382 or under § 28-1385."

¶20        Mattox's claim that his attorneys rendered ineffective assistance by not preparing for trial was also appropriately dismissed. Mattox does not support the claim with any evidence; he merely offers the supposition that, given the scheduled dates of various proceedings, none of his attorneys could possibly have been prepared for trial. Because the claim is based on "pure speculation," it does not present a colorable issue. *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).

¶21        Mattox's claims of judicial and prosecutorial misconduct also lack merit. For the reason explained above, Mattox's argument that the prosecutor and trial court advocated a "misleading" or "purposely dec[ei]tful" interpretation of the aggravated DUI statute is incorrect. Mattox's claim that the trial court should not have assigned the disposition of his proceeding for post-conviction relief to the same judge who oversaw his plea and sentencing fails because the rules require that very procedure, whether or not Mattox believes the practice is "flawed." *See* Ariz. R. Crim. P. 33.10(a). Mattox's argument that the court should not have given the State more time to file its response to his petition for post-conviction relief, without a request or showing of good cause by the State, is also unavailing. No law prohibited the court from extending the State's deadline. *See State v. Perez*, 141 Ariz. 459, 462 (1984) (holding that the trial court has discretion to extend a prescribed deadline by court order, in the interest of justice, "provided involved parties will not be prejudiced thereby"). And Mattox shows no prejudice from the extension.

## CONCLUSION

¶22        We grant review and deny relief.

